SOUTHLAND ASSOCIATES, INC. v. WILLIAM BERNARD PEACH, ALICE BARBER PEACH, RAYMOND JOHN STANLEY, CAROLYN S. STANLEY, E. G. DUENWEG, MARY LOUISE DUENWEG, HARRISON D. COLE, CORRINE A. COLE, JAMES E. MARTIN, PEGGY N. MARTIN, MORRIS FRANKLIN BRITT, ANN ROBERTSON BRITT, JAMES R. PETERSON, BETTY W. PETERSON, JACK McM. PRUDEN, NANCY W. PRUDEN, W. Y. MANSON, PATRICIA S. MANSON, ELEANOR R. KINNEY, A. DOUGLAS RICE, CALVIN A. MOORE, RHUMELLE B. MOORE, RUBEN KIER, STEPHANIE WAIN, RALPH KIER, PERLA KIER, DAVID WAIN, SONDRA WAIN, THOMAS C. POLLOCK, LILLIAN S. POLLOCK, DAVID F. HERZIG, BRUCE ALAN ROELLKE, TRISHA PHYLLIS ROELLKE, EDWARD E. FORREST, MARY W. BROWN, GARLAND M. NANCE, JR., YVONNE C. NANCE, JOSEPH E. SOKAL, NANCY B. SOKAL, JEREMY CYRIL ROMANOVSKY, CARL F. SAPP, DOROTHY G. SAPP, WILLIAM

Southland Associates, Inc. v. Peach

STANLEY METCALF, VIRGINIA M. METCALF, EARL G. MUELLER, MARY PATRICIA ETTARI, LORAN S. CLARK, CAROLA M. McEACHREN, JOHN W. McEACHREN, THOMAS D. ROWE, JR., KATHRYN K. DERR, BETTY H. ROBERTS, WARREN E. ATCHISON, RUBY M. ATCHISON, GEORGE W. FERGUSON, REBECCA F. FERGUSON, MARTIN D. CICCEHELLI, DADE WILLIAM MOELLER, BETTY R. MOELLER, SAMUEL J. CARAHER, ELAINE D. CARAHER, BRUCE MICHAEL FREEDMAN, BRAD MITCHEL FREEDMAN, GORDON C. HOPKINS, JOYCE C. HOPKINS, LARRY T. FUNK, IDA E. FUNK, ELEANOR J. EVANS, CLAYBORNE L. EVANS, HARRY S. HAMRICK, EMOGENE G. HAMRICK, GERALD R. KIRBY, CARL H. RICHTER, LOIS M. RICHTER, DAVID F. ADERMAN, JOAN O'CONNER ADERMAN, JOHN A. THAXTON, ELIZABETH D. THAXTON, CARL C. JAMES, MARJORIE P. JAMES, EILEEN A. MORRIS, DALE E. FILES, DORIS R. FILES, NATHANIEL A. GREGORY, MARY STUART L. GREGORY, ROBERT HARRIS SHAW, JR., MAXINE WELLBORN SHAW, FENNER DOUGLASS, JANE F. DOUGLASS, DOROTHY W. McGREGOR, CLARENCE H. McGREGOR, HAYDEN KING CLINE, SUSAN T. CLINE, MARVIN W. FERRELL, RUTH M. FERRELL, VICTOR A. BUBAS, MARCELYN D. BUBAS, JAY S. SKYLER, DENISE L. SKYLER, BEN EISENBERGER, JR., LUANA M. EISENBERGER, GARY S. WILSON, CHARLES S. WARNER, HEIDI H. WARNER, GUARANTY STATE BANK, TRUSTEE, CENTRAL CAROLINA BANK AND TRUST COMPANY, TRUSTEE, JOSEPHINE M. BROWN, TRUSTEE, RICHARD M. HUTSON, II, TRUSTEE, C. THOMAS BIGGS, TRUSTEE, R. ROY MITCHELL, JR., TRUSTEE, F. GORDON BATTLE, TRUSTEE, CHARLES W. WHITE, TRUSTEE, ARTHUR VANN, II, TRUSTEE, CENTRAL CAROLINA BANK AND TRUST COMPANY, ANTHONY PATRICK NUNN, HOME SAVINGS AND LOAN ASSOCIATION, WACHOVIA MORTGAGE COMPANY, DeWITT RALPH ROGERS, FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF DURHAM, N.C., SECURITY SAVINGS AND LOAN ASSOCIATION, BARCLAY'S BANK OF NEW YORK, THE NORTHWESTERN BANK

No. 8014SC989

(Filed 2 June 1981)

**Deeds § 19.3— acreage as common area of condominium — issue of fact — summary judgment improper**

    In an action by plaintiff developer of a condominium complex for reformation of a declaration of unit ownership or alternatively a judgment quieting title to a 2.646 acre tract in dispute, and a decree that plaintiff had the right to construct additional condominium units on that tract, the trial court erred in entering summary judgment for plaintiff where a genuine issue of material fact existed as to whether the 2.646 acres in dispute were part of the common area of the condominium or whether they were reserved by plaintiff for future construction.

    APPEAL by defendants from *Bailey, Judge.* Judgment entered 20 May 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 28 April 1981.

On 30 August 1979 plaintiff filed a complaint alleging that pursuant to plans for development of an 11.402 acre tract of land owned by plaintiff into a condominium complex, plaintiff executed a Declaration of Unit Ownership which was recorded on 22 July 1974. The first sale was by deed dated 1 August 1974. The declaration contained three exhibits: Exhibit A, which contained a metes and bounds description of the 11.402 acre tract covered by the declaration; Exhibit B which contained a description of the proposed units; and Exhibit C, which was a description of each individual unit. More specifically, plaintiff alleges that it intended that the 8.756 acres constituting lot 1-A and the southern portion of Lot 1-B as shown on the plat recorded in Plat Book 79 at page 79 were to be subject to the declaration, that the 2.646 acres in dispute were to be reserved for future development and not subject to the declaration; and that it was by reason of a mistake that the entire 11.402 acre tract was made subject to the declaration. Plaintiff further alleges that the defendants knew that the 2.646 acres were not part of the "common area" of the condominium project. It seeks therefore a reformation of the Declaration of Unit Ownership, or alternatively, a judgment quieting title to the 2.646 acre tract in dispute, and a decree that plaintiff has the right to construct additional condominium units on that tract.

Defendants, purchasers of the condominium units and various banks with security interests in the units, answered denying plaintiff's allegations. In their counterclaim defendants averred, among other things, that plaintiff violated its own express warranty of title and breached its fiduciary relationship as managing agent.

After a period of extensive discovery plaintiff filed a motion for summary judgment on 15 February 1980 as to its second claim for relief on the ground that the affidavits, answers to requests for admissions, and the pleadings established that there is no genuine issue of material fact. The trial court granted plaintiff's motion and defendants appeal.

*Bryant, Bryant, Drew & Crill, by Victor S. Bryant, Jr., for plaintiff appellee.*

*Randall, Yaeger, Woodson, Jervis & Stout, by John C. Randall, for defendant appellants.*

Southland Associates, Inc. v. Peach

ARNOLD, Judge.

Defendants' sole assignment of error is that the trial court erred in entering summary judgment in favor of plaintiff. Summary judgment is appropriate ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). In ruling on a motion for summary judgment the court does not resolve issues of fact and must deny the motion if there is any genuine issue of material fact. *Whitten v. Bob King's AMC/Jeep, Inc.*, 292 N.C. 84, 231 S.E. 2d 891 (1977). The party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact, and the papers supporting the movant's position are closely scrutinized while the opposing papers are treated indulgently. *Id.;* *Van Poole v. Messer*, 19 N.C. App. 70, 198 S.E. 2d 106 (1973).

Applying these principles to the case *sub judice*, we find that plaintiff did not establish the lack of a genuine issue of material fact, and therefore we hold that the entry of summary judgment in its favor was not proper.

The resolution of the question of whether the 2.646 acres in dispute is part of the common area of Pebble Creek Condominiums or was reserved by plaintiff for future construction depends upon an interpretation of the Declaration of Unit Ownership. Where the language of a contract is plain and unambiguous the construction of the agreement is a matter of law for the court. Where, however, the contract terms are ambiguous, extrinsic evidence relating to the agreement may be competent to clarify its terms, and the jury under proper instructions by the court may determine the meaning of the language employed. 3 Strong's N.C. Index 3d, Contracts § 12.2 (1976).

Plaintiff contends that (1) Exhibit B of the Declaration of Unit Ownership, which was recorded and of which the defendants had notice, clearly shows contemplated additional units located on the land in question and (2) Section 18(B) of the declaration expressly provides that plaintiff could construct up to twenty-five (25) additional units on that land *or* on contiguous land owned by

plaintiff. Defendants' contentions, which are supported by their sworn answers to plaintiff's interrogatories, are that any plans to build additional units were abandoned in 1974 when plaintiff built the tennis courts on part of Lot 1-B, and that they were informed either that such plans had been abandoned or that there were no such plans prior to purchasing their units. Defendants further assert that by the allegations in the complaint, plaintiff admits that the entire 11.402 acre tract was made subject to the Declaration of Unit Ownership, and that Section 18(B) provides only if additional units are built on land owned by plaintiff *and* contiguous to the land covered by the declaration, then the declaration would be deemed amended to include such units for the purposes of sharing the common areas.

It is apparent from a review of the pleadings, answers to interrogatories, the documents and other materials in the record that the written contract between the parties is ambiguous and subject to two different interpretations. Due to this ambiguity we hold that a genuine issue of material fact exists and therefore summary judgment in favor of plaintiff was improperly entered.

The judgment is vacated and this cause is remanded for further proceedings.

Vacated and remanded.

Judges HEDRICK and WEBB concur.