SOUTHLAND ASSOCIATES, INC. v. WILLIAM BERNARD PEACH, ALICE BARBER PEACH, RAYMOND JOHN STANLEY, CAROLYN S. STANLEY, E. G. DUENWEG, MARY LOUISE DUENWEG, HARRISON D. COLE, CORRINE A. COLE, JAMES E. MARTIN, PEGGY N. MARTIN, MORRIS FRANKLIN BRITT, ANN ROBERTSON BRITT, JAMES R. PETERSON, BETTY W. PETERSON, JACK McM. PRUDEN, NANCY W. PRUDEN, W. Y. MANSON, PATRICIA S. MANSON, ELEANOR R. KINNEY, A. DOUGLAS RICE, CALVIN A. MOORE, RHUMELLE B. MOORE, RUBEN KISER, STEPHANIE WAIN, RALPH KIER, PERLA KIER, DAVID WAIN, SONDRA WAIN, THOMAS C. POLLOCK, LILLIAN S. POLLOCK, DAVID F. HERZIG, BRUCE ALAN ROELLKE, TRISHA PHYLLIS ROELLKE, EDWARD E. FORREST, MARY W. BROWN, GARLAND M. NANCE, JR., YVONNE C. NANCE, JOSEPH E. SOKAL, NANCY V. SOKAL, JEREMY CYRIL ROMANOVSKY, CARL F. SAPP, DOROTHY G. SAPP, WILLIAM STANLEY METCALF, VIRGINIA M. METCALF, EARL G. MUELLER, MARY PATRICIA ETTARI, LORAN S. CLARK, CAROLA M. McEACHREN, JOHN W. McEACHREN, THOMAS D. ROWE, JR., KATHRYN K. DERR, BETTY H. ROBERTS, WARREN E. ATCHISON, RUBY M. ATCHISON, GEORGE W. FERGUSON, REBECCA F. FERGUSON, MARTIN D. CICCHELLI, DADE WILLIAM MOELLER, BETTY R. MOELLER, SAMUEL J. CARAHER, ELAINE D. CARAHER, BRUCE MICHAEL FREEDMAN, BRAD MITCHEL FREEDMAN, GORDON C. HOPKINS, JOYCE S. HOPKINS, LARRY T. FUNK, IDA E. FUNK,

Southland Associates v. Peach

ELEANOR J. EVANS, CLAYBORNE L. EVANS, HARRY S. HAMRICK, EMOGENE G. HAMRICK, GERALD R. KIRBY, CARL H. RICHTER, LOIS M. RICHTER, DAVID F. ADERMAN, JOAN O'CONNER ADERMAN, JOHN A. THAXTON, ELIZABETH D. THAXTON, CARL C. JAMES, MARJORIE P. JAMES, EILEEN A. MORRIS, DALE E. FILES, DORIS R. FILES, NATHANIEL A. GREGORY, MARY STUART L. GREGORY, ROBERT HARRIS SHAW, JR., MAXINE WELLBORN SHAW, FENNER DOUGLASS, JANE F. DOUGLASS, DOROTHY W. McGREGOR, CLARENCE H. McGREGOR, HAYDEN KING CLINE, SUSAN T. CLINE, MARVIN W. FERRELL, RUTH M. FERRELL, VICTOR A. BUBAS, MARCELYN D. BUBAS, JAY S. SKYLER, DENISE L. SKYLER, BEN EISENBERGER, JR., LUANA M. EISENBERGER, GARY S. WILSON, CHARLES S. WARNER, HEIDI H. WARNER, GUARANTY STATE BANK, TRUSTEE, CENTRAL CAROLINA BANK AND TRUST COMPANY, TRUSTEE, JOSEPHINE M. BROWN, TRUSTEE, RICHARD M. HUTSON, II, TRUSTEE, C. THOMAS BIGGS, TRUSTEE, R. ROY MITCHELL, JR., TRUSTEE, F. GORDON BATTLE, TRUSTEE, CHARLES W. WHITE, TRUSTEE, ARTHUR VANN, II, TRUSTEE, CENTRAL CAROLINA BANK AND TRUST COMPANY, ANTHONY PATRICK NUNN, HOME SAVINGS AND LOAN ASSOCIATION, WACHOVIA MORTGAGE COMPANY, DeWITT RALPH ROGERS, FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF DURHAM, N. C., SECURITY SAVINGS AND LOAN ASSOCIATION, BARCLAY'S BANK OF NEW YORK, THE NORTHWESTERN BANK

No. 8214SC451

(Filed 19 April 1983)

Deeds § 19.3— acreage as common area of condominium project—right to construct additional condominiums—questions for jury—harmless error in instructions

In an action by plaintiff developer of a condominium project for a judgment quieting title to a 2.646 acre portion of the project and a decree that plaintiff has the right to construct additional condominium units on that tract, the evidence supported the trial court's submission of issues as to (1) whether the intent of language in the Declaration of Unit Ownership was that the 2.646 acres were to be part of the common area of the existing condominiums, and (2) whether the Declaration of Unit Ownership gave plaintiff the right to construct additional units on the 2.646 acres. However, the trial court erred in instructing the jury that if it answered the first issue "yes," the lawsuit would be ended, since the jury could have found that the tract was part of the common area but that plaintiff had reserved the tract for future construction, but such error was harmless where the jury ignored the court's instruction and answered the second issue "no" after having affirmatively answered the first issue.

APPEAL by plaintiff from *Cornelius, Judge.* Judgment entered 20 December 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals 10 March 1983.

Plaintiff instituted this action alleging that pursuant to plans for development of an 11.402 acre tract of land into a condominium complex, plaintiff executed a Declaration of Unit Ownership which was recorded on 22 July 1974. Plaintiff alleges that it mistakenly made the entire 11.402 acre tract subject to the declaration and that it intended for the 2.646 acres in dispute to be reserved for future development. Plaintiff further alleges that the defendants knew that the 2.646 acres were not part of the "common area" of the condominium project. It sought reformation of the Declaration of Unit Ownership, or, alternatively, a judgment quieting title to the 2.646 acre tract in dispute and a decree that it has the right to construct additional units on that tract.

Defendants, purchasers of the condominium units and holders of security interests in the units, answered denying plaintiff's allegations.

From the granting of summary judgment for plaintiff, defendants appealed. This Court vacated summary judgment and remanded the case for trial, finding a genuine issue of material fact. *Southland Associates v. Peach,* 52 N.C. App. 340, 278 S.E. 2d 293, *disc. review denied,* 303 N.C. 546, 281 S.E. 2d 394 (1981).

Before trial, plaintiff took a voluntary dismissal of its claim for a reformation of the Declaration of Unit Ownership.

From judgment declaring the 2.646 acre tract to be a part of the common area of the existing 42 units of the Pebble Creek Condominiums, and that plaintiff does not have the right to construct additional units on that tract, plaintiff appeals.

*Bryant, Drew, Crill & Patterson, by Victor S. Bryant, Jr., for plaintiff appellant.*

*Randall, Yaeger, Woodson, Jervis & Stout, by John C. Randall, for defendant appellees.*

ARNOLD, Judge.

The court submitted the following issues to the jury:

1. Did the parties intend that the language in the Declaration of Unit Ownership, to wit: "The land on which the building is erected and all lands surrounding the buildings as is more fully described on the plat recorded in Plat Book 79

at Page 79, Durham County Registry", would mean that the 2.646 acre tract was a part of the common area of the existing 42 units of Pebble Creek Condominiums?

2. Did the parties intend that the Declaration of Unit Ownership, Section 18, Amendments, give the Plaintiff, Southland Associates, Inc., the right to construct up to 25 additional units on the 2.646 acre tract?

Among other instructions, the court charged the jury that the language of the section entitled "Common Areas" in the Declaration of Unit Ownership was ambiguous and proceeded to instruct the jury on the law relating to ambiguities in an instrument.

Shortly after retiring to deliberate, the jury returned to the courtroom and submitted the following question to the court: "Can we, the jury, vote yes on issue number one and yes on issue number two, or issue number two also, or no on both items?"

In response to this question, the court instructed, in pertinent part:

If you should answer the first issue yes, finding that the 2.646 acre tract was a part of the common area of the existing 42 units of Pebble Creek Condominiums, then that would end the lawsuit, and you would not have to answer the remaining issue. If you should find that the 2.646 acres was not intended to be a part of the common area of the existing 42 units, then you would take up and consider the second issue.

The jury returned shortly thereafter with its verdict, answering the first issue "Yes" and the second issue "No."

Plaintiff argues that the court erred in submitting the first issue and in the subsequent instruction that if they answered the first issue "yes," the lawsuit would be ended, and it would not be necessary to answer the second issue. It also argues that the court erred in instructing the jury that the language of the section entitled "Common Areas" in the Declaration of Unit Ownership was ambiguous.

Common areas and facilities are defined in the Declaration of Unit Ownership as follows:

> The common areas and facilities consist of all parts of
> the multi-unit buildings and other structures situated on the
> property described hereinabove, other than the individual
> dwelling units therein . . ., including, without limitation, the
> following (except such portions of the following as may be in-
> cluded within an individual unit):
>
> A. The land on which the building is erected and all
> lands surrounding the buildings as is more fully described in
> Plat Book 79 at page 79, Durham County Registry.

Although no model of grammatical clarity, this definition is clear
and unambiguous. Under this definition, the 2.646 acre tract is
clearly part of the common area. The trial judge apparently based
his finding of ambiguity on a misreading of our first opinion in
this case. This Court did not state in the first appeal that the
definition was ambiguous; instead, we stated that the declaration
as a whole was ambiguous. 52 N.C. App. 340, 278 S.E. 2d 293.

Nevertheless, the court's instruction that the definition was
ambiguous was not prejudicial error, nor did the court err in sub-
mitting the first issue to the jury. Ordinarily, the form and
number of issues to be submitted is a matter which rests within
the sound discretion of the trial judge. *Johnson v. Lamb*, 273 N.C.
701, 161 S.E. 2d 131 (1968). It is sufficient if the issues are framed
so as to present the material matters in dispute as raised by the
pleadings, to enable each party to have the full benefit of his con-
tentions before the jury and to enable the court, when the issues
are answered, to determine the rights of the parties under the
law. *Id.*

With the voluntary dismissal of the reformation claim, this
action became one to quiet title to the 2.646 acres. Defendants
contend that the tract was part of the "common area" and owned
by the condominium unit owners. Plaintiff denied in its complaint
that the tract was part of the common area and claimed that it
reserved title to the tract. This Court, in the first appeal of the
case, stated the issue as being "whether the 2.646 acres in dispute
is part of the common area of Pebble Creek Condominiums *or* was
reserved by plaintiff for future construction . . . ." 52 N.C. App. at
343, 278 S.E. 2d at 294.

Thus, in rendering its judgment, the jury first had to deter-
mine whether the 2.646 acres was part of the common area. If so,

the jury had to next determine whether plaintiff reserved the tract, despite its being part of the common area, for future construction. The jury could have found that the tract was part of the common area, yet plaintiff reserved the tract for future development pursuant to the following language contained in the Declaration of Unit Ownership:

> Anything contained in this Declaration to the contrary notwithstanding, it is contemplated that the Declarant, Southland Associates, Inc. will construct additional units, not to exceed, in the aggregate, twenty-five (25) units, which shall be located in one or more additional buildings. Declarant shall have the absolute right in its discretion to construct additional units, and if any of such units are so constructed on the land now owned by the Declarant and contiguous to the land now covered by this Declaration (or contiguous by way of easement) . . . .

Therefore, the court's instruction that if they answered the first issue yes that it would end the lawsuit was erroneous. However, the error was harmless. The jury ignored the court's instruction and answered the second issue "no," *i.e.*, that the parties did not intend for the declaration to give the plaintiff the right to construct additional units on the 2.646 acre tract. The second issue was the crux of this lawsuit: "Could plaintiff build additional units on this tract?" That issue was determinative of the rights of the parties.

The jury's verdict was supported by the language in the declaration that plaintiff could build additional units "on the land now owned by the Declarant *and* contiguous to the land now covered by this Declaration (or contiguous by way of easement)." There was evidence that plaintiff owned land contiguous to the land covered by the declaration at the time of the recording of the Plat Map in Plat Book 79.

Moreover, plaintiff failed to record a copy of the plans showing graphically all the particulars of the building, including the location of the buildings and of the common areas as required by G.S. 47A-15. Thus, plaintiff effectively failed to give notice of the location of proposed additions and effectively failed to reserve title to the 2.646 acre tract. And, the 2.646 tract was not surveyed until 1977, three years after the recording of the Declaration of

Unit Ownership, which tends to show that plaintiff had no intention of building on the tract at the time of the recording of the declaration.

Plaintiff's post-trial motions to set aside the verdict and for a new trial were therefore properly denied. In the judgment of the trial court there is

No error.

Judges HILL and BECTON concur.