Remanded.
This is an action brought by plaintiff against the defendants to recover the sum of $500.00, and interest, by note, under seal, due at thirty days, dated 22 April, 1933.
The agreed statement of facts is as follows: "The plaintiff and defendants respectfully agree that the facts relative to this controversy, in addition to those admitted in the pleadings, are as follows:
"(1) That on 22 January, 1933, Charles E. Johnson, for value received, executed and delivered to Page Trust Company a promissory note in the sum of five hundred dollars ($500.00), maturing on 22 April, 1933, Hamlet Ice Company not being a party to this note. *Page 78 
"(2) That on 4 March, 1933, Page Trust Company restricted withdrawals to five per cent of the amount then on deposit; and on 5 March, 1933, Page Trust Company was closed under a proclamation of the President of the United States; and that since 5 March, 1933, Page Trust Company has not been open for business on an unrestricted basis.
"(3) That on 22 April, 1933, when the note referred to in paragraph 1 hereof was due, there was delivered to the agent in charge of Page Trust Company a note in words and figures as follows:
"$500.00, Hamlet, N.C. April 22d 1933. Thirty (30) days after date without grace, for value received, the undersigned promise to pay to Page Trust Company or order, at its banking house at Hamlet, North Carolina, Five Hundred and 00/100 Dollars. The subscribers, sureties, guarantors, and endorsers hereof hereby agree to remain and continue bound therefor, notwithstanding any extension or extensions of the time of payment of it, or any part of it, and notwithstanding any failure or omission to make presentment or demand for its payment or to protest it for nonpayment or to give notice of its nonpayment or dishonor or protest, and hereby expressly waive any and all presentment or demand for its payment, and protest for its nonpayment, and any and all notice of any extension or extensions of time of payment of it, or any part of it, or of its nonpayment of dishonor or protest or any other notice whatsoever. This note, or any part thereof, at maturity, or any time thereafter, may be charged to account of principal or endorsers, sureties, or guarantors, but a failure to so charge shall not in any way affect the liability of any of the makers, sureties, guarantors, or endorsers of this note. Charles E. Johnson (Seal), Hamlet Ice Company (Seal), By Charles E. Johnson, President (Seal). Due 5-22-33. No. 7658.
"Whereupon the note of 22 January, 1933, was marked `paid' and returned.
"(4) That on 22 May, 1933, Gurney P. Hood, Commissioner of Banks, took possession of Page Trust Company for the purpose of liquidating the same, and duly appointed as liquidating agent therefor, under the provisions of C. S., 218 (c).
"(5) That on 4 March, 1933, Hamlet Ice Company had on deposit in Page Trust Company the sum of four thousand five hundred and seventeen dollars and ninety cents ($4,517.90); and that said deposit has remained in said bank continuously to this day.
"(6) That no amount has been paid on the note for five hundred dollars ($500.00) referred to in paragraph 3 hereof (unless, as defendant Hamlet Ice Company contends, the same has been paid by offset).
"Upon these facts, the plaintiff contends that Charles E. Johnson and Hamlet Ice Company are indebted to the plaintiff in the sum of five hundred dollars ($500.00), with interest from 22 May, 1933; and *Page 79 
Charles E. Johnson and Hamlet Ice Company contend that Hamlet Ice Company has the right to offset the indebtedness against the deposit of Hamlet Ice Company in Page Trust Company in the sum of four thousand five hundred and seventeen dollars and ninety cents ($4,517.90), and that therefore no amount is due to the plaintiff on said five hundred dollar ($500.00) note referred to in paragraph 3 hereof.
"The parties hereto agree that upon these facts, and upon those admitted in the pleadings, the court may render, such judgment as may be proper, it being understood that either party has the right of appeal to the Supreme Court of North Carolina. Respectfully submitted, Kenneth C. Royall, Attorney for Gurney P. Hood, Commissioner of Banks, ex rel. Page Trust Company. S. Brown Shepherd, Attorney for Charles E. Johnson and Hamlet Ice Company."
The court below rendered judgment for plaintiff, and defendants excepted and assigned errors and appealed to the Supreme Court. The assignment of errors made by defendants are as follows: "(1) To the finding in the judgment, as follows: `It is perfectly apparent to the court, although not specifically admitted as a fact, that the second note was substituted for the original, and that Hamlet Ice Company is a surety for its codefendant Johnson.'
"(2) To the finding of the court that the second note was signed by the Hamlet Ice Company" as security for the original note.
"(3) To the judgment as rendered."
The court below rendered judgment for the plaintiff. In the judgment of the court below is the following: "It is perfectly apparent to the court, although not specifically admitted as a fact, that the second note was substituted for the original, and that Hamlet Ice Company is a surety for its codefendant Johnson." We think the court below was without power to find the fact as above set forth.
The agreed statement of facts recited: "The plaintiff and defendants respectfully agree that the facts relative to this controversy, in addition to those admitted in the pleadings, are as follows," etc. For the reasons given, this cause is
Remanded. *Page 80