Clare J. Hoyt, J.
In 1954 plaintiff village adopted an ordinance which, in part, provides: ‘ ‘ Automobile trailers may be maintained within the Village limits, provided a permit therefor is obtained from the Village Clerk. Such permit shall be issued only upon a majority vote of the Board of Trustees, and upon such conditions as may be imposed by the Board for the welfare of the Village.”
*388 The defendant Herman Kahinoff is the owner and his cousin Arthur Kabinoff is alleged to be the lessee or licensee of premises in the village known as Brenner Park developed as a site for “ mobile homes ” according to the defendants, as a park or development for “ automobile trailers ” according to the village. Denials by the defendants that Arthur Kabinoff is the lessee or licensee are unimportant. The village, alleging that no permits have been applied for or issued pursuant to the ordinance for the maintenance of these “ automobile trailers ” or “ mobile homes ” upon defendant Herman Kabinoff’s premises, brings this action to enjoin their continued maintenance without application for and issuance of a permit. The village has moved for a temporary injunction and the defendants have cross-moved for summary judgment. Upon the return of the order to show cause for the temporary injunction, the parties agreed to the entry of an order prohibiting the defendants from bringing in or permitting any additional “ house trailers ” or “ mobile homes ” upon the premises, or making any preparations or site improvements for them pending a decision herein.
The village in addition to claiming a violation of this ordinance, claims that defendants have failed to provide properly for water, sewage and other sanitary facilities and that defendants ’ continued operation of the development is violative of the ordinance and dangerous and detrimental to the occupants of the development and the residents of the village.
The defendants deny that the premises are unsanitary, dangerous or detrimental. This issue need not be disposed of since the plaintiff need not establish these conditions to prevail in the action. They do not deny that they neither applied for nor received permits. Their position rather is that the ordinance is unconstitutional, and that aside from the alleged invalidity of the ordinance, it proscribes automobile trailers without permits whereas the defendants maintain or accommodate mobile homes which are not subject to the ordinance.
Defendants attack the constitutionality of the ordinance upon two grounds: one, that the plaintiff was without authority to adopt such an ordinance and two, that the ordinance is void by reason of its failure to fix standards to govern the village Board of Trustees.
With respect to the first ground, defendants argue that subdivision 69 of section 89 of the Village Law which provides for the regulation of house trailer camps, tourist camps and house trailers was enacted by the Legislature in 1955 subsequent to the enactment of plaintiff’s ordinance. Defendants urge that *389 plaintiff had no power to enact such an ordinance in 1954. This argument is untenable. Subdivision 59 of section 89 of the Village Law existed prior to the enactment of the ordinance in question and permits a village to enact ordinances for the promotion of public welfare. The regulation of trailer camps bears a substantial relation to the public welfare and is a valid exercise of the police power under this section (Matter of Stevens v. Smolka, 11 A D 2d 896, 897).
The ordinance in question fixes no standards which must govern the determination of the Board of Trustees as to whether it shall or shall not issue a permit. The regulation of trailer camps, relating to the public welfare, is an exercise of a legislative function and no general standards need be formulated (Matter of Small v. Moss, 279 N. Y. 285, 295). The board created the ordinance in its legislative capacity and enacted that the dispensing power be vested in the same body. This it had the power to do. (Matter of Larkin Co. v. Schwab, 242 N. Y. 330, 334.)
The burden rests upon defendants to show the unconstitutionality of the ordinance (Shepard v. Village of Skaneateles, 300 N. Y. 115, 118) and legislation should be construed to avoid the conclusion that it is unconstitutional (Matter of Coates, 9 N Y 2d 242; United States v. Jin Fuey Moy, 241 U. S. 394; International Assn. of Machinists v. Street, 367 U. S. 740). The defendants have not established the unconstitutionality of the ordinance.
Defendants further contend they are not maintaining automobile trailers upon their property, but mobile homes, and are, thus, not compelled to seek a permit pursuant to the ordinance. This contention cannot be sustained. The court must determine the intention of the village in enacting this ordinance and the mischief to be remedied and such intent should not be thwarted due to verbal inadvertence (Matter of Barry Equity Corp. [Marcia Hat Co.], 276 App. Div. 685, 689). Thus the failure of the ordinance to enumerate or specifically regulate 11 mobile homes ’ ’, the description urged by the defendants, is not controlling. Mobile homes by its very definition means a movable residence which is akin to the definition of ‘1 trailer ’ ’ found in Webster’s New International Dictionary (3d ed., 1961) which is “an automobile drawn highway vehicle designed to serve wherever it is parked as a dwelling or as a place of business (as an office, laboratory, or field headquarters) ”. Pictures of the “mobile homes ” attached to plaintiff’s moving papers show them to be the customary type of house trailer, transported on the highway by motor vehicles, with their wheels still under *390 them and with no permanent foundation or other structures to prevent their mobility and removal to another location.
In view of these determinations and since under rule 113 of the Rules of Civil Practice (now CPLR, rule 3212, subd. [b]) if it appears that any party other than the moving party is entitled to summary judgment, the court may grant summary judgment without the necessity of a cross motion, defendants’ motion for summary judgment is denied and plaintiff is granted summary judgment for the relief sought in its complaint. The determination that the ordinance is constitutional and that “ mobile homes ” are within the purview of the ordinance leaves no other issues to be resolved. Since under the terms of the ordinance the defendants may apply for a permit, the execution of this judgment shall be stayed 30 days from its entry to permit defendants to make application for said permit. In the event such permit is denied, or granted upon conditions deemed by the defendants to entitle them to a review of the Village Board’s determination, the execution of the judgment shall be stayed an additional 20 days therefrom to enable defendants to institute whatever legal proceedings they may deem advisable. Submit order on notice.