BUNCOMBE COUNTY BOARD OF HEALTH, PETITIONER, v. JAMES A. BROWN, JAMES L. WRIGHT, CARL CALABRESE, JOHN YOUNG, MITCHELL TAYLOR, JAMES D. SMITH, J. L. BURRELL, JAMES R. DOTSON, WILLIAM C. NICHOLS, R. G. PATTERSON, T. S. HENDERSON, JESSE D. DOTSON, J. A. STEWART, R. M. MORGAN, EVERETT S. SCROGGS, JAMES M. KESTLER, O. G. CAUBLE, H. C. GRYDER, J. T. RICKMAN, LLOYD FOX, JR., JOHN S. FOX, JOHN D. FOX, RAY E. SORRELLS, PHILIP R. DAVENPORT, HARRY B. CAUBLE, CONDIE A. O'BRINE, ROBERT AUSTIN, DOUGLAS L. DAVIS, CLARA SCHWAGER, RESPONDENTS.

(Filed 20 September, 1967.)

**1. Judgments §§ 1, 19—**

A judgment rendered by a court against a citizen affecting his rights in an action or proceeding to which he is not a party is absolutely void as to him and may be treated as a nullity by him whenever it is brought to the attention of the court.

**2. Same—**

In this proceeding brought by a county board of health against individual householders to compel the construction of a new sewer line, the court concluded upon facts stipulated by the county board and a householder that the local sanitary district was responsible for the installation of the sewer and entered an order directing the district to install the sewer; the sanitary district was not a party to the proceeding, nor was it represented by counsel. *Held:* The order is void as to the district, and is vacated by the Supreme Court *ex mero motu.*

**3. Controversy Without Action § 2—**

Where the case is submitted for adjudication upon stipulated facts, the court, in the absence of authorization to make additional findings of fact, is limited to the facts so stipulated.

APPEAL by petitioner from *Bryson, J.,* June 1967 Term, BUNCOMBE Superior Court.

Buncombe County Board of Health filed a petition in which some twenty-nine residents in the Wentworth Avenue section of Asheville were named as respondents. Dr. H. W. Stevens, the Director of Public Health, made an affidavit to be used as a petition which is summarized as follows:

T. S. Henderson was the main developer of this subdivision in which a six-inch sewer line was installed many years ago. It is now broken and damaged in several places and does not have the capacity to transport sewage from the greatly increased number of homes that have been built since it was installed. At the broken places it is discharging raw sewage, noxious odors, and breeding flies. The petitioner sought to restrain the respondents from the operation and lack of maintenance of the sewer line and to require them to submit plans for the construction and maintenance of at least an eight-inch sewer line as is required by the North Carolina Board of Health.

Upon the filing of this petition, Judge Harry C. Martin found that this proceeding was brought pursuant to G.S. 130-20, and that since 1963 the sewer line has broken on several occasions. Raw sewage is now running into the basements of several houses which constitutes a nuisance and is dangerous to the public health. He thereupon ordered the respondents to appear and show why the nuisance should not be abated. There was some delay in the hearing ordered by Judge Martin, but on 5 June 1967 Judge Bryson entered an order which will be referred to in the opinion. Prior to the return date of the hearing, Robert E. Riddle, counsel for petitioner, and Earl J. Fowler, counsel for Respondent Nichols, entered into certain stipulations. They included the following:

> "There are fourteen sanitary districts in Buncombe County, most of which were organized in 1927 as separate municipal corporations. Buncombe County as such holds title to no sewer lines in the county, the title being in the respective districts. The County Commissioners act as Trustees for each of the various districts with the exception of Woodfin Sanitary Water & Sewer District, which has its own Board of Trustees."

The stipulations also provided that on 24 March 1958 R. C. Torian requested the County Commissioners "to assume and take over a sewer line in what is now known as Wentworth Avenue; that action was deferred until a right-of-way study could be made; that no records reflect any subsequent action." Also, "That on the 24th day of March, 1958, a deed was placed on record from R. C. Torian and wife, . . . to Fairview Sanitary Sewer District, and that after said deed was recorded it was mailed to Roy Taylor, who at the time was County Attorney of Buncombe County . . . the line in dispute is in the Swannanoa Water & Sewer District . . . (the) line has never been inspected by the Superintendent of the Sanitary Department of Buncombe County for approval according to County and State specifications; . . . has never been maintained by the

County of Buncombe . . . that the County has no records of acceptance of said sewer line . . . That no action has been taken by the County to set aside said purported conveyance, nor has any action been taken by the property owners to enforce liability on the County pursuant to said purported conveyance."

The stipulations further agreed that the sewer line is six inches in diameter and runs approximately 1500 feet on Wentworth Avenue and serves twenty-nine houses presently owned by the respondents; that it has never been inspected by the Superintendent of the Sanitary Department of Buncombe County, that no fees were paid to the County of Buncombe for tapping as is required for County-owned and-maintained sewer lines; that as a new house was constructed, the owner tapped on to the sewer line which has never been maintained by Buncombe County; that the line was repaired on three occasions within recent years, once by the County, once by the City, and once by T. S. Henderson. There is no record to show the acceptance of the sewer line by Buncombe County, nor any inspection by it. The respondents have been paying a tax for debt service and maintenance of the Swannanoa Sanitary and Sewer District. The stipulation further provides that the sewer line is inadequate, broken, and that an eight-inch line should be installed according to proper specifications, and that it constitutes a health hazard.

When the matter was heard before Judge Bryson, he made a number of findings of fact, to which the petitioner excepted; and he thereupon made the following order:

> "That the sewer line, which is the subject matter of this action, is a part of the Swannanoa Sanitary and Sewer District, for which the County Commissioners acts as Trustees, and it is the responsibility of said sanitary and sewer district to install a proper sewer line abutting the property of the respondents named herein, which is adequate and which complies with the laws of the State of North Carolina covering the same.
>
> "IT IS THEREFORE CONSIDERED, ORDERED AND DECREED that said sewer line, which is the subject matter of this action, is owned by the Swannanoa Sanitary and Sewer District; and they are ordered to install and maintain said sewer line in accordance with the laws of the State of North Carolina."

The petitioner appealed.

*Robert E. Riddle, Attorney for Buncombe County Board of Health, Petitioner Appellant.*
*No counsel contra.*

PLESS, J. While the Swannanoa Sanitary and Sewer District (Swannanoa) is ordered to install and maintain the sewer line, it is not a party to this action and is not represented by counsel. The stipulations upon which the order is based are signed by counsel for the Buncombe County Board of Health and counsel for one of the individual respondents; consequently, they are not binding on Swannanoa, although the findings and order are dependent upon them.

"It is axiomatic, at least in American jurisprudence, that a judgment rendered by a court against a citizen affecting his vested rights in an action or proceeding to which he is not a party is absolutely void and may be treated as a nullity whenever it is brought to the attention of the Court. We think that no case can be found in the courts of this country, State or Federal, in which this principle is questioned. Certainly in this jurisdiction it is fundamental. Reade, J., in *Doyle v. Brown,* 72 N.C. 393, says: 'When a defendant has never been served with process, nor appeared in person or by attorney, a judgment against him is not simply voidable, but void; and it may be so treated whenever and wherever offered, without any direct proceeding to vacate it. And the reason is that the want of service of process and the want of appearance is shown by the record itself, whenever it is offered.' To the same effect is *Condry v. Cheshire,* 88 N.C. 375. Smith, C.J., in *Lyon [Lynn] v. Lowe, ib.,* 478 (on page 482), says: 'It is the clear right of every person to be heard before any action is invoked and had before a judicial tribunal, affecting his rights of person or property. If no opportunity has been offered, and such prejudicial action has been taken, * * * the Court will at once, when judicially informed of the error, correct it: not because injustice is done in the particular case, but because it may have been done, and the inflexible maxim, *audi alteram partem,* will be maintained. In such case the Court does not investigate the merits of the mattter in dispute, but sets aside the judgment and reopens the otherwise concluded matter, . . .'" *Card v. Finch,* 142 N.C. 140, 54 S.E. 1009. Refer also to *Powell v. Turpin,* 224 N.C. 67, 29 S.E. 2d 26, and *Clark v. Homes,* 189 N.C. 703, 128 S.E. 20.

The court made findings of fact in addition to the stipulated facts, and to each of these the petitioner excepted. The record, by which we are bound, contains no provision that the parties had agreed that the judge could make additional findings of fact, and no evidence is brought forward in the record to sustain them. In

the absence of such stipulation or agreement, the judge is limited to the stipulated facts; and because he made additional findings of fact, the petitioner's exceptions thereto are sustained. *Hood, Comr. of Banks v. Johnson*, 208 N.C. 77, 178 S.E. 855; *Auto Co. v. Insurance Co.*, 239 N.C. 416, 80 S.E. 2d 35; *Sparrow v. Casualty Co.*, 243 N.C. 60, 89 S.E. 2d 800.

In its brief the appellant says "Did the court err in holding that the facts warrant a finding that there was a valid conveyance of the sewer line in question? This question is really the meat of the controversy in this appeal and it is hoped that the Court will answer this question to avoid the necessity of any further appeals."

A copy of the conveyance is not before us, and we are given no information as to its terms nor whether it was accepted. The stipulations have no provision that the Torian deed was accepted by Fairview or that it was recorded by anyone authorized to do so on behalf of Buncombe County. Also, the authority of the Fairview and Swannanoa Districts to accept conveyances or to make them is not shown, and the record does not disclose whether those two districts were, or were not, some of the fourteen sewer districts organized in 1927 as separate municipal corporations. Without further information on these subjects, we are unable to answer the appellant's question.

The order of the Superior Court is not supported by the stipulations; and as it places responsibility upon the Swannanoa Sanitary and Sewer District, which is not a party hereto, it is hereby vacated.

Error and remanded.