BILLY T. STRICKLAND AND WIFE, DOROTHY STRICKLAND v. BOBBY B. OVERMAN AND WILLIE R. JONES, D/B/A O & J ELECTRICAL COMPANY

No. 713DC130

(Filed 26 May 1971)

1. Deeds § 20— action to enjoin violation of a restrictive covenant — mobile home — sufficiency of evidence

    In an action to enjoin defendants from placing a mobile home on their property in violation of a restrictive covenant, there was sufficient evidence to support the trial court's findings that the defendants' property was affected by the restrictive covenant and that placing a mobile home on the property was a violation of the covenant.

2. **Registration § 3— notice to purchaser of land**

   A purchaser of land is charged with notice of what a title search would disclose.

APPEAL by defendants from *Whedbee, District Judge,* 28 August 1970 Session of District Court held in CARTERET County.

Plaintiff sued to enjoin the defendants from placing a mobile home on defendants' property, in violation of restrictions alleged by the plaintiffs to be applicable to and binding on defendants' property. Defendants answered admitting that they had "placed a prefabricated modular unit upon their property," but denying that they were violating any restrictions applicable to and binding on their property. The parties waived trial by a jury and stipulated that the case be tried before the presiding judge upon the verified pleadings of defendants and plaintiffs, and exhibits of plaintiffs and defendants. Judge Whedbee found facts and made conclusions of law in a judgment filed 28 August 1970. Judge Whedbee found as a fact "[t]hat the defendants have caused to be placed upon the premises purchased by them . . . a mobile home . . . . " Judge Whedbee then concluded as a matter of law "[t]hat the placing of the defendants' mobile home upon the premises . . . is in direct violation of the general plan of subdivision of Atlantic Beach Isles Subdivision, dated May 12, 1959, of record in . . . Carteret County Registry . . . . " The defendants were ordered to remove their mobile home from their premises. From the entry of the judgment defendants appealed.

*Thomas S. Bennett for plaintiff appellees.*

*Comer and Marley by John F. Comer for defendant appellants.*

VAUGHN, Judge.

[1] Appellant brings forward numerous assignments of error, all of which are directed to findings of fact and conclusions of law in the judgment. Appellants contend that there is no evidence to support the findings that placement of a mobile home on the premises owned by them violated restrictive covenants and that the restrictive covenants are imposed on lands owned by the defendants.

On 13 May 1959 Atlantic Beach, Inc., the predecessor in title to appellants' grantor filed a "General Plan of Subdivision" which recites that Atlantic Beach, Inc., is the owner of property therein described. The description of the property includes the lands presently owned by the defendants. The various covenants and restrictions now in issue are set out in this "General Plan of Subdivision." One of the restrictions appearing in the general plan is: "8. No trailer, tents or temporary structures shall be erected or allowed on any lot, except by written consent of Atlantic Beach, Inc." The deed to defendant recites, after the metes and bounds description, "[t]his property is conveyed subject to all restrictive covenants of record."

[2]  A purchaser of land is charged with notice of what a title search would disclose.

> "The law contemplates that a purchaser of land will examine each recorded deed or other instrument in his chain of title, and charges him with notice of every fact affecting his title which such an examination would disclose. In consequence, a purchaser of land is chargeable with notice of a restrictive covenant by the record itself if such covenant is contained in any recorded deed or other instrument in his line of title, even though it does not appear in his immediate deed. *Sheets v. Dillon,* 221 N.C. 426, 20 S.E. 2d 344; *Turner v. Glenn,* 220 N.C. 620, 18 S.E. 2d 197; *Bailey v. Jackson, supra." Higdon v. Jaffa,* 231 N.C. 242, 56 S.E. 2d 661.

By examining the chain of title of their property, the defendants could find the "General Plan of Subdivision." From that general plan they could determine that their property is included in the description of lands comprising the subdivision, and that placing a trailer on the described property violates the restrictions therein.

We have carefully examined the entire record, and we find no prejudicial error. The findings discussed above are supported by competent evidence and the findings of fact support the judgment.

Affirmed.

Chief Judge MALLARD and Judge PARKER concur.