EDWIN L. VAN POOLE AND LAURA D. VAN POOLE, AND ROBERT L. HUDSON AND WIFE, LINDA HUDSON v. VIOLET D. MESSER AND RUTH E. DULL

No. 7319SC449

(Filed 25 July 1973)

Deeds § 20— violation of restrictive covenant as to trailers on subdivision lot — defense of estoppel

In an action to restrain and enjoin defendants from using a subdivision lot as a site for a mobile home in violation of a restrictive covenant on the lot prohibiting the use of a trailer for a residence thereon, the trial court erred in entering summary judgment for plaintiffs, not on the issue of whether a mobile home was a trailer within the meaning of the restrictive covenant, but on the issue of whether, due to the existence of other trailers in the subdivision, the plaintiffs were estopped from enforcing the restriction in issue.

APPEAL by defendants from Seay, Judge, 22 January 1973 Session of Superior Court, ROWAN County.

This is an appeal from Judge Seay's order allowing summary judgment against the defendants upon plaintiffs' motion therefor. At the hearing on the motion, the trial judge considered the amended complaint, the answers of the defendants, and the answers to interrogatories of the plaintiffs and the defendants. In their answers to the amended complaint, defendants demanded a jury trial.

The amended complaint alleged that plaintiffs and defendant Dull were lot owners in East Jackson Park Subdivision in China Grove Township, Rowan County, and that all lots in the subdivision were subject to the following restriction, duly recorded in the Rowan County Register of Deeds office:

"6. No structure of a temporary character, trailer, basement, tent, shack, garage, barn or other outbuilding shall

be used on any lot at any time as a residence either temporarily or permanently."

Plaintiffs alleged, and the defendants admitted, that the defendants had placed on lot 39 in East Jackson Park, owned by defendant Dull, a "mobile home." A permanent house was also located on lot 39.

The answers of the defendants and the answers to interrogatories by the plaintiff Robert Hudson tended to show that there was at least one other "trailer" in the East Jackson Park Subdivision at the time the lawsuit was commenced. The defendants alleged by way of defense, that if there was any violation of the restrictive covenant set forth above, then that violation was waived and acquiesced in by the plaintiffs, in that plaintiffs and others in the subdivision have allowed similar violations of restrictive covenant number six in the past and have abandoned that restriction and are estopped from enforcing it by their actions in having acquiesced in past violations.

From summary judgment entered in favor of the plaintiffs, the defendants appealed, assigning error.

*Rutledge and Friday, by Clinton S. Forbis, Jr., for plaintiff appellees.*

*Grant and Grant, by Adam C. Grant, Jr., for defendant appellants.*

MORRIS, Judge.

Summary judgment is proper only where there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. *Kiser v. Snyder,* 17 N.C. App. 445, 194 S.E. 2d 638 (1973), cert. denied, 283 N.C. 257. The party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact, and in that regard, the papers of the opposing party are indulgently regarded. *Singleton v. Stewart,* 280 N.C. 460, 186 S.E. 2d 400 (1972).

We are of the opinion that the trial judge committed error in entering summary judgment in favor of the plaintiffs in this case. The defendants contend that there is a material issue of fact as to whether a modern "mobile home" is a "trailer" within the meaning of the restrictive covenant placed on lot 39 of East

Jackson Park Subdivision in 1955. It seems to us, however, that that issue is more properly one of interpretation of the restrictive covenant, and within the province of the trial judge to decide as a matter of law. Judge Seay concluded as a matter of law that a "mobile home" is a "trailer" within the intendment of the restrictive covenant. With this conclusion we take no issue. That the term "trailer" includes a "mobile home" within its meaning is the accepted rule in every authority we have found dealing with that issue. See *Timmerman v. Gabriel*, 155 Mont. 294, 470 P. 2d 528 (1970); *Harriman v. Kabinoff*, 40 Misc. 2d 387, 243 N.Y.S. 2d 210 (1963). In Annot. 96 A.L.R. 2d 232 (1964), at page 234, it is stated that "[t]he term 'trailer' is understood in its usual meaning regardless of whether it is referred to or described as house trailer, mobile home, trailer coach, or some such term."

Although it appears that the case of *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971), would preclude the trial judge from entering summary judgment in favor of the party with the burden of proof when his right to recover depends upon the credibility of his evidence, in the case before us, the fact that the defendants had placed a mobile home upon lot 39 of the East Jackson Subdivision was admitted in the pleadings and interrogatories of the defendants, and the credibility of the plaintiffs' assertions is, therefore, not a "genuine issue of fact." *Chisholm v. Hall*, 255 N.C. 374, 121 S.E. 2d 726 (1961); *Wyche v. Alexander*, 15 N.C. App. 130, 189 S.E. 2d 608 (1972), cert. denied, 281 N.C. 764. Summary judgment would not, therefore, be precluded by the issue of whether a "mobile home" is a "trailer" within the meaning of the restrictive covenant placed on lot 39.

However, the defendants contend, and we agree, that a material issue of fact arises on the documents included in the record on appeal and considered by the trial judge, as to whether, due to the existence of other trailers in the East Jackson Park Subdivision, the plaintiffs are estopped from enforcing the restriction in issue. See *Tull v. Doctors Building, Inc.*, 255 N.C. 23, 120 S.E. 2d 817 (1961). This issue of fact alone is sufficient to preclude the entry of summary judgment.

The case of *Hullett v. Grayson*, 265 N.C. 453, 144 S.E. 2d 206 (1965), is inapposite to the case at bar, the restrictive covenant in that case having been declared ambiguous and unenforceable because the word "temporary" in that restrictive

covenant rendered a sensible and uniform interpretation of the restrictive covenant impossible. In this case, the determinative issue in interpreting the restrictive covenant is merely whether a "mobile home" is a "trailer" within its meaning.

For the reasons stated, the entry of summary judgment is

Reversed.

Judges BRITT and PARKER concur.