RONALD WAYNE BARBER AND WIFE, MONA LISA BARBER; GILBERT R. HERSHEY AND WIFE, FRANCES O. HERSHEY; JAMES L. GENTRY, SR. AND WIFE, BEULAH ANN GENTRY v. HERMAN F. DIXON AND WIFE, MATILDA P. DIXON

No. 824DC554

(Filed 7 June 1983)

1. Deeds § 20.3— restrictive covenants—prohibiting use of house trailer

There was sufficient evidence to support the trial judge's findings that defendants' structure was a trailer and a temporary structure within the meaning of a subdivision's restrictive covenants where the evidence showed that two units that comprised the defendants' structure were transported by wheels, tongues and axles which were bolted on at the place of manufacture and removed about two days after the units were located on the lot.

2. Deeds § 20.6— restrictive covenants—no waiver of right to enforce

Plaintiffs did not waive their right to enforce restrictive covenants in a subdivision by failing to enforce the covenants against one. plaintiff who had a storage shed on his land that was there when he bought his lot and where another owner in the subdivision has a building on his lot in which he stores his boat.

3. Deeds § 20.7— witness not tendered as expert—not allowed to define terms—no error

Where defendants never tendered their witness as an expert, the trial court did not err in failing to allow the witness to answer certain questions, including defining the terms "trailer" and "manufactured home."

**4. Parties § 1.1— necessary party—not before court**
    The trail judge's judgment exceeded the court's jurisdiction where, although the defendants' son and his wife were not parties named in the pleadings, the judgment purported to enjoin them from putting a mobile home or trailer on the defendants' lot.

APPEAL by defendants from *Erwin, Judge*. Judgment entered 1 February 1982 in District Court, ONSLOW County. Heard in the Court of Appeals 18 April 1983.

The plaintiffs here seek a permanent injunction requiring the defendants to remove the structure in which they live from their lot in Blue Creek Park Subdivision in Onslow County. All parties are lot owners in the subdivision.

In their 3 December 1981 complaint, the plaintiffs allege that the defendants' structure violates restrictive covenants applicable to all lots in the subdivision, that the defendants have failed to remove the structure after a request to do so, and that their remedy at law is inadequate.

The defendants' answer denies that their structure violates the restrictive covenants and also alleges that the covenants are too vague to be enforced against them.

The relevant restrictive covenant, which was recorded on 3 June 1968, states:

6. TEMPORARY STRUCTURES: No structure of a temporary character (including house trailers) shall be used upon any lot at any time.

Three issues were submitted to the trial judge by stipulation of the parties. Those issues and his answers were:

*ISSUE 1:* Is the improvement placed upon the property of the defendants a trailer within the meaning of the restrictive covenants?

*ANSWER:* Yes.

*ISSUE 2:* Have the plaintiffs waived their right to enforce a violation of the restrictive covenants?

*ANSWER:* No.

*ISSUE 3:* Is the improvement placed upon the property of the defendants a structure of a temporary character within the meaning of the restrictive covenants?

*ANSWER:* Yes.

The trial judge held for the plaintiffs and ordered the defendants to remove their structure from their lot and enjoined them from placing it, a trailer or a mobile home upon the lot. The defendants then appealed to this Court.

*Warlick, Milsted, Dotson and Carter, by Marshall F. Dotson, Jr., for plaintiff-appellee.*

*Thomasine E. Moore and Bowen C. Tatum, Jr., for defendant-appellants.*

ARNOLD, Judge.

We first note that injunction is a proper equitable remedy to enforce a restrictive covenant when the plaintiffs show that their remedy at law is inadequate and that they will suffer irreparable damage if the violation is allowed to continue. *See Ingle v. Stubbins,* 240 N.C. 382, 82 S.E. 2d 388 (1954); *Franzle v. Waters,* 18 N. C. App. 371, 197 S.E. 2d 15 (1973). Because the plaintiffs here have met this burden, the judgment is affirmed.

North Carolina follows the rule of strict construction when interpreting restrictive covenants. That is, any ambiguities will be resolved in favor of unrestricted use. But this rule must not be applied to defeat the plain and obvious purposes of the restriction. *Long v. Branham,* 271 N.C. 264, 268, 156 S.E. 2d 235, 239 (1967). *See also,* J. Webster, Real Estate Law in North Carolina § 388 (Hetrick rev. 1981). As owners of lots in the subdivision, the plaintiffs are proper parties to enforce the restrictive covenants. *Stegall v. Housing Authority,* 278 N.C. 95, 102, 178 S.E. 2d 824, 829 (1971).

[1]  This dispute turns on if the defendants' structure violates clause six's prohibition of temporary structures and house trailers. Neither of these terms are defined in the restrictive covenants. In such cases, we follow the intentions of the parties. "[E]ach part of the covenant must be given effect according to the natural meaning of the words...." *Hobby & Son, Inc. v. Family Homes,* 302 N.C. 64, 71, 274 S.E. 2d 174, 179 (1981).

With these general principles in mind, we turn to cases that have considered similar restrictions. In *Strickland v. Overman*, 11 N.C. App. 427, 181 S.E. 2d 136 (1971), the restriction stated: "No trailer, tents or temporary structures shall be erected or allowed on any lot. . . ." The court held that the defendants' "prefabricated modular unit" violated the covenant.

The restriction in *Van Poole v. Messer*, 19 N.C. App. 70, 198 S.E. 2d 106 (1973), stated: "No structure of a temporary character, trailer, basement, tent, shack, garage, barn or other outbuilding shall be used on any lot at any time as a residence either temporarily or permanently." The court held that there was no material issue of genuine fact that "a modern mobile home" is a "trailer" within the meaning of that covenant.

Judge Morris (later Chief Judge) continued:

> That the term "trailer" includes a "mobile home" within its meaning is the accepted rule in every authority we have found dealing with that issue. (Citations omitted.) In Annot., 96 A.L.R. 2d 232 (1964), at page 234, it is stated that "[t]he term 'trailer' is understood in its usual meaning regardless of whether it is referred to or described as house trailer, mobile home, trailer coach, or some such term."

19 N.C. App. at 72, 198 S.E. 2d at 107.

We also note *City of Asheboro v. Auman*, 26 N.C. App. 87, 214 S.E. 2d 621, *cert. denied*, 288 N.C. 239, 217 S.E. 2d 663 (1975), where the court upheld a permanent injunction prohibiting the defendants from allowing a mobile home to remain in an area where it was prohibited by an ordinance. According to that case, "the mere removal of the wheels, tongue and the erection of a foundation . . . did not change the nature of the offending use of the property." 26 N.C. App. at 88, 214 S.E. 2d at 621. The evidence here showed that the two units that comprise the defendants' structure were transported by wheels, tongues and axles that were bolted on at the place of manufacture and removed about two days after the units were located on the lot.

The expressed intent of these covenants also supports our holding that the defendants' structure is a violation. An introductory paragraph states that one purpose of the covenants is "to

prevent uses which might tend to diminish the value of said property and any part thereof. . . ." As was found in the judgment, the defendants' structure "materially impairs the uniform scheme of development of said subdivision and threatens to impair the marketability of the property of the plaintiffs. . . ."

Thus, there was sufficient evidence to support the trial judge's findings that the defendants' structure was a trailer and a temporary structure within the meaning of the restrictive covenants.

[2] The defendants raise waiver as a possible defense. The evidence shows that one of the plaintiffs has a storage shed on his land that was there when he bought his lot and that another owner in the subdivision has a building on his lot in which he stored his boat. Because the plaintiffs' have not enforced the covenants against those two owners, the defendants contend that the right to enforce the covenants has been waived. We disagree.

Whether acquiescence in violations of restrictive covenants is a waiver by owners in a subdivision of the right to enforce the restrictions was addressed in *Tull v. Doctors Bldg., Inc.*, 255 N.C. 23, 120 S.E. 2d 817 (1961). Restrictive covenants will be given full effect unless changed conditions within the covenanted area are "so radical as practically to destroy the essential objects and purposes" of the scheme of development. 255 N.C. at 39, 120 S.E. 2d at 828. *See also, Webster, supra*, at § 389. The two examples cited by the defendants, if they are violations, are not so drastic as to warrant the removal of the restrictions.

[3] Two other arguments are raised by the defendants. They first contend that their witness Gene Longo should have been allowed to answer certain questions, including defining the terms "trailer" and "manufactured home." According to the defendants, Longo was an expert as a result of his training and ten years of experience in the manufactured home business.

Our examination of the record shows that Longo was never tendered by the defendants as an expert. When the plaintiffs objected to Longo's defining "trailer" and "manufactured home" and distinguishing the structures in the subdivision based on their construction, the defendants should have requested the court to find him qualified as an expert. "[I]f there is no such request, and

no finding or admission that the witness is qualified, the exclusion of his testimony will not be reviewed" on appeal. 1 Brandis, N.C. Evidence § 133 (2d rev. ed. 1982); *State v. Satterfield*, 300 N.C. 621, 268 S.E. 2d 510 (1980). Although no expertise is necessary to distinguish the structures based on their appearance, it was harmless error to refuse to let Longo answer that question. *See* G.S. 1A-1, Rule 61.

[4] Finally, the defendants argue that all parties necessary for a decision were not before the court. Although the defendants' son and his wife were not parties named in the pleadings, the judgment purports to enjoin them from putting a mobile home or trailer on the defendants' lot. The defendants contend that this part of the judgment exceeds the court's jurisdiction. We agree.

As stated in *Buncombe County Bd. of Health v. Brown*, 271 N.C. 401, 404, 156 S.E. 2d 708, 710 (1967): "[A] judgment rendered by a court against a citizen affecting his vested rights in an action or proceeding to which he is not a party is absolutely void and may be treated as a nullity whenever it is brought to the attention of the Court."

As a result, that part of the judgment enjoining Herman Franklin Dixon, Jr. and wife, Ellen G. Dixon, is void. The remainder of the judgment against the named defendants is valid and stands as rendered.

We note that even with this change, the practical effect of the judgment will be to prevent anyone from placing a violating structure on the defendants' lot. The judgment permanently enjoins the defendants from violating the covenant in question by "locating or *causing to be located* upon their property" a violating structure (emphasis added).

Affirmed as modified.

Chief Judge VAUGHN and Judge HEDRICK concur.