CHARLES W. STARR, JR., SHERRY F. STARR, CLETUS W. YOW, JR., MELISSA J. YOW, CAROL JEAN YOW, ALLAN L. CRAWFORD, SR., NANCY A. CRAWFORD, DAVID JAMES TURNER AND DORA HEWITT TURNER, PLAINTIFFS v. WALTER DAVID THOMPSON, JR.; ARCHIBALD WILLARD THOMPSON, INDIVIDUALLY AND AS GUARDIAN OF VIRGINIA ALICE THOMPSON, A MINOR CHILD; FRANCIS ST. ELMO THOMPSON, INDIVIDUALLY, AS EXECUTOR OF THE ESTATE OF RACHEL J. THOMPSON, DECEASED, AND AS GUARDIAN OF VIRGINIA ALICE THOMPSON, A MINOR CHILD; ROBERT EDWIN THOMPSON; VIRGINIA ALICE THOMPSON, INDIVIDUALLY, BY AND THROUGH HER GUARDIANS, FRANCIS ST. ELMO THOMPSON AND ARCHIBALD WILLARD THOMPSON, DEFENDANTS

No. 8918SC32

(Filed 21 November 1989)

**Deeds § 20.3 (NCI3d)— modular home—mobile home within the meaning of restrictive covenants**

The trial court properly granted summary judgment for plaintiffs in an action to require defendants to remove a structure from their lot in a subdivision on the grounds that the structure violated the subdivision restrictive covenants against

trailers or mobile homes where the structure in question was a factory-built dwelling house made up of two sections about eight feet wide and forty feet long; each section has a permanent built-in chassis equipped to accommodate four removable axles upon which motor vehiclelike wheels can be affixed at each end; when the sections were delivered to the lot, the axles and wheels were in place under the sections, each of which also had a connecting tongue that extended from the front and taillights on the back; after the sections were delivered to the lot, the axles, wheels and tongues were removed, the two sections connected, and placed on footings; and the sections cannot be distinguished from double-wide mobile home sections seen daily on the lots of mobile home dealers and rolling down the highways of the state. Whether a dwelling is a mobile home under a restrictive covenant depends upon its characteristics and not upon what it is called by municipal authorities or others or what government agency establishes the building standards.

**Am Jur 2d, Covenants, Conditions, and Restrictions § 213.**

APPEAL by defendants from *Crawley, Judge.* Order and judgment entered 9 September 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 29 August 1989.

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Walter L. Hannah, Thomas W. Brawner and Ann I. Rucker, for plaintiff appellees.*

*Carruthers & Roth, by Richard L. Vanore and Charles J. Vinicombe, for defendant appellants.*

PHILLIPS, Judge.

Plaintiffs and defendants own lots in the "Property of C. W. Yow" subdivision in Guilford County. Summary judgment was entered under Rule 56, N.C. Rules of Civil Procedure, directing the defendants, *inter alia*, to remove a structure on their lot that is deemed to be in violation of a subdivision restrictive covenant which states "[n]o trailers or mobile homes shall be allowed on the property."

The only question presented by defendants' appeal is whether the affidavits and other materials presented to the court establish

as a matter of law that the structure situated on defendants' lot is a "mobile home" within the meaning of the restrictive covenant. We hold that they do. For the materials show without contradiction that: The structure in question is a factory built dwelling house made up of two sections about 8 feet wide and 40 feet long; each section has a permanent, built-in chassis equipped to accommodate four removable axles upon which motor vehiclelike wheels can be affixed at each end; when the sections were delivered to the lot the axles and wheels were in place under the sections, each of which also had a connecting "tongue" that extended from the front and taillights on the back end. After the sections were delivered to the lot the axles, wheels and tongues were removed, the two sections were connected together, and placed on footings. As depicted by the photographs, affidavits and other materials, the sections cannot be distinguished from double-wide mobile home sections that are to be seen daily on the lots of mobile home dealers and rolling down the highways of the state.

In opposition to this showing defendants rely not upon affidavits or other materials concerning the mobility of the structure, but upon affidavits by a Deputy Commissioner of Insurance, a Greensboro building inspector, and others to the effect that: Under Greensboro's zoning ordinance a factory built "modular home" such as defendants' that complies with the North Carolina Uniform Residential Building Code under standards set by the North Carolina Commissioner of Insurance can be placed anywhere in the city and are not considered by the zoning authorities to be "mobile homes"; whereas "manufactured homes" built under lesser standards pursuant to the provisions of Article 9B of Chapter 143 of the General Statutes and HUD regulations can be placed only in certain zoning areas and are considered by the city zoning authorities and the affiants to be "mobile homes." The affidavits and the arguments based upon them are irrelevant to the case. For (1) we are not dealing with a zoning ordinance but a valid, enforceable subdivision restrictive covenant against "mobile homes," *Barber v. Dixon*, 62 N.C. App. 455, 302 S.E.2d 915, *disc. rev. denied*, 309 N.C. 191, 305 S.E.2d 732 (1983); (2) whether a dwelling is a mobile home under such a covenant depends upon its characteristics, not upon what it is called by municipal zoning authorities or others or what government agency establishes the building standards; and (3) a factory built dwelling, such as the one involved, designed and constructed to travel on wheels from place to place is a "mobile

home" within the meaning of a covenant against such structures as a matter of law, even though the axles, wheels and tongues were removed after the structure was placed on the lot. *City of Asheboro v. Auman*, 26 N.C. App. 87, 214 S.E.2d 621, *cert. denied*, 288 N.C. 239, 217 S.E.2d 663 (1975).

Affirmed.

Judges WELLS and PARKER concur.