FOREST OAKS HOMEOWNERS ASSOCIATION OF LINCOLN COUNTY, PLAIN-
TIFF v. DON R. ISENHOUR AND WIFE, NOLA ISENHOUR, DEFENDANTS

No. 9027SC868

(Filed 19 March 1991)

**Deeds § 74 (NCI4th) — restrictive covenants — modular homes allowed
— mobile homes prohibited**

Restrictive covenants prohibiting the erection of mobile
homes in a residential subdivision did not apply to keep defend-
ants from erecting what plaintiffs contended was a "double-
wide" mobile home, since the Court of Appeals turned to those
definitions provided by the official government agencies which
have researched the differences between "modular" homes,
which were allowed by the restrictive covenants in question,
and mobile homes, which were not allowed, and the court
determined that the structure in question was a "modular home."

**Am Jur 2d, Covenants, Conditions, and Restrictions § 213.**

APPEAL by plaintiff from judgment entered 3 April 1990 by
*Judge Forest E. Ferrell* in LINCOLN County Superior Court. Heard
in the Court of Appeals 25 February 1991.

Plaintiff filed a complaint on 14 September 1989 alleging
defendants had violated the restrictive covenants regarding the
prohibition against erecting a mobile home in their residential sub-
division. On 30 October 1989 plaintiff was granted a preliminary
injunction enjoining defendants from any further construction, in-
stallation, improvements to, or completion of the structure in ques-
tion. On 23 February 1990 both parties filed motions for summary
judgment. On 3 April 1990 plaintiff's motion for summary judgment
was denied and defendants' motion for summary judgment was
granted.

*Sigmon, Sigmon and Isenhower, by C. Randall Isenhower, for
plaintiff-appellant.*

*Jonas, Jonas & Rhyne, by Richard E. Jonas, for defendants-
appellees.*

JOHNSON, Judge.

The sole issue on appeal is whether the court erred in granting
summary judgment in favor of defendants. Plaintiff contends the

structure erected by defendants is a "double-wide" mobile home which is strictly prohibited by the restrictive covenants of the subdivision, which state in pertinent part:

> No residence of a temporary nature shall be erected or allowed to remain on any lot, and no trailer, basement, shack, tent, garage, barn or any other structure of a similar nature shall be used as a residence on any lot, either temporarily or permanently and no building shall be erected, placed, altered or permitted to remain on any lot, even though it may meet and comply with all of the other conditions and restrictions, if such building is a trailer; or is a shell home; or is a mobile home, whether single-wide, double-wide or larger; or has outer walls which are, or appear to be, constructed of exposed concrete blocks or asbestos shingles or siding.

Plaintiff bases its contention on the following uncontested facts: (1) that the structure was brought onto the property in two sections, both on their own wheels and axles; (2) that each section was built in a factory on permanent metal frameworks; (3) that upon delivery the sections were joined and placed over poured concrete footings without a foundation; and (4) that the foundation was then built under the joined sections.

Elsewhere in the restrictions it states "Modular or component homes or prebuilt homes are permitted provided the same is erected on a permanent foundation and has a 4 in 12 pitch roof and a 16 inch overhang."

Plaintiff also contends the structure did not meet the other restrictive covenants in that the roof pitch did not conform to the restrictions nor was the roof overhang of sufficient depth. These problems were apparently corrected prior to the motion hearing, leaving the sole question of whether the type of structure violates the restrictions.

Plaintiff admits the structure has been given the status of "modular home" as defined by the North Carolina State Residential Building Code. Mobile homes are officially designated "manufactured homes" and are defined in accordance with the Department of Housing and Urban Development Code. The restrictive covenants of the subdivision specifically allow the erection of "modular" homes, although neither "modular" nor "mobile" type homes are clearly defined in the convenants beyond the name designation. Where

covenants are lacking specific definitions, they are given effect according to the natural meanings of the words used. *See Hobby & Son v. Family Homes*, 302 N.C. 64, 274 S.E.2d 174 (1981).

Plaintiff cites *Barber v. Dixon*, 62 N.C. App. 455, 302 S.E.2d 915, *disc. review denied*, 309 N.C. 191, 305 S.E.2d 732 (1983) wherein this Court held that the defendants' home, brought onto the property in two sections, was a mobile home within the definition of the restrictive covenants in force despite the fact that the axles, wheels and tongues were removed prior to installation. Plaintiff also cites *Starr v. Thompson*, 96 N.C. App. 369, 385 S.E.2d 535 (1989), wherein this Court held under circumstances on point with those in this case, that the definitions of "modular" versus "manufactured" referred to zoning restrictions and were not applicable to definitions contained in restrictive covenants. The *Starr* opinion further states that whether a structure is a "mobile" home depends on its characteristics rather than upon what it is called by zoning authorities or what is established by building standards. *Id.* at 371, 385 S.E.2d at 536.

In both cases, this Court held that the structures in question violated the restrictive convenants in force which prohibited the erection of mobile homes. It is important to note, however, that in both cases the restrictive covenants involved did not specifically allow the erection of "modular" homes. For that reason, this Court was not required to differentiate between the two and could easily interpret the intent of the restrictions to prohibit any structures of the type complained of. In the case before us, the Declaration of Restrictions for the Forest Oaks Subdivision does allow "modular" homes as opposed to "mobile" homes, making a more clearly defined determination of the intent of the restrictions necessary.

Because the covenants in question differentiate between the two types of homes without further definition, this Court must turn to those definitions provided by the official government agencies which have researched the differences. On that basis, and giving effect to the natural meanings of the words used, we find the structure in question to be a "modular" home and as such does not violate the restrictive covenants in force at the Forest Oaks Subdivision.

For this reason, we find no error in the trial court's granting of summary judgment for defendants.

**GUILFORD CO. PLANNING AND DEV. DEPT. v. SIMMONS**

[102 N.C. App. 325 (1991)]

Affirmed.

Judges PHILLIPS and WYNN concur.