## YOUNG v. LOMAX

[122 N.C. App. 385 (1996)]

CHARLES YOUNG AND WIFE, ANN YOUNG; TERRY BEAVER AND WIFE, SANDRA BEAVER; JOHN KLUTTZ AND WIFE, DONNA KLUTTZ; MICHAEL CALLAHAN AND WIFE, BRENDA CALLAHAN; HENRY KIVETT AND WIFE, BARBARA KIVETT; JAMES SHOLLY AND WIFE, KIM SHOLLY; ALLEN JOHNSON, II AND WIFE, TERRI JOHNSON; SAMUEL BASS AND WIFE, DENISE BASS; MARY CLINE; LESTER SHELTON; MARK DULANEY AND PAMELA DULANEY; JACK MORGAN, JR. AND WIFE, BEVERLY MORGAN; LARRY PAUL AND WIFE, MYRA PAUL; HAROLD WHITLEY AND WIFE, PATSY WHITLEY; OYSTEIN DAHL AND WIFE, DEBORAH DAHL; CHUCK REX HELMS; MITCH WELLS AND WIFE, CINDY WELLS; AND CHARLES B. LEWIS, SR., PLAINTIFFS v. JAMES F. LOMAX AND RODNEY HELMS, AND DAWN W. O'DELL, IN HER CAPACITY AS TRUSTEE AND NATIONSBANC MORTGAGE CORPORATION, DEFENDANTS

No. COA95-325

(Filed 7 May 1996)

### Deeds § 74 (NCI4th)— structure as mobile home—violation of restrictive covenants—summary judgment proper

The trial court properly granted summary judgment for plaintiffs who sought a permanent mandatory injunction compelling removal of a structure from defendant's lot where there was no genuine issue of material fact as to whether the structure was a mobile home within the meaning of the subdivision's protective covenants, since the structure was delivered to the site in two sections; each had its own permanent steel chassis consisting of two "I" beams affixed to the flooring system of the unit; each unit was attached to four axles with two wheels per axle; a truck towed the structure to the site with the structure riding on its own axles and wheels; when the structure reached its destination, the wheels and axles were removed and the structure was placed on concrete blocks; but this did not change the fact that the structure was still a mobile home.

**Am Jur 2d, Covenants, Conditions, and Restrictions § 195.**

**Validity of zoning or building regulations restricting mobile homes or trailers to established mobile home or trailer parks.17 ALR4th 106.**

**Validity and construction of restrictive covenant prohibiting or governing outside storage or parking of housetrailers, motor homes, campers, vans, and the like, in residential neighborhoods. 32 ALR4th 651.**

YOUNG v. LOMAX

[122 N.C. App. 385 (1996)]

Appeal by defendants from order granting summary judgment entered 14 December 1994 by Judge Clarence E. Horton, Jr. in Cabarrus County District Court. Heard in the Court of Appeals 26 March 1996.

Plaintiffs are owners of residential lots in Rhinehardt Estates Subdivision (hereinafter subdivision) in Cabarrus County, North Carolina. In July 1993, Rodney Helms (hereinafter defendant Helms) purchased a "home" manufactured by Imperial Homes of Charlotte and placed the structure on lot 43 of the subdivision. At the time, defendant Helms was purchasing lots 43 and 44 of the subdivision from James F. Lomax (hereinafter defendant Lomax) under an installment contract. On 16 September 1993, plaintiffs filed a complaint in Cabarrus County District Court against defendant Helms and defendant Lomax seeking a permanent mandatory injunction against them compelling removal of the structure. Plaintiffs contended that the structure violated the subdivision restrictions which, *inter alia*, prohibited the installation of trailers and mobile homes in the subdivision. Defendants answered the complaint, denying that the structure violated any subdivision restrictions. On 14 December 1994 the trial court granted plaintiffs' motion for summary judgment.

Defendants appeal.

*Ferguson & Scarbrough, P.A., by James E. Scarbrough, for plaintiff-appellees.*

*Wishart, Norris, Henninger & Pittman, P.A., by June K. Allison, for defendant-appellants Dawn W. O'Dell, in her capacity as Trustee, and NationsBanc Mortgage Corporation, and Johnson & Hastings, by Randell F. Hastings, for defendant-appellants James F. Lomax and Rodney Helms.*

EAGLES, Judge.

We first note that summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c); *Snipes v. Jackson,* 69 N.C. App. 64, 71-72, 316 S.E.2d 657, 661, *disc. review denied and appeal dismissed,* 312 N.C. 85, 321 S.E.2d 899 (1984). The trial court must view "the evidence in the light most favorable to the nonmovant, and the slightest doubt as to the facts entitles him to a trial." *Snipes,* 69 N.C. App. at 72, 316 S.E.2d at 661.

Here, defendants argue that the trial court erred in granting summary judgment in favor of plaintiffs because a genuine issue of material fact exists as to whether defendant Helms' home is a mobile home within the meaning of the subdivision's protective covenants. The pertinent portion of the subdivision's "Protective Covenants" provides:

TEMPORARY STRUCTURES: No structure of a temporary nature, trailer, mobile home, basement, tent, shack, garage, barn, or other out buildings shall be used on any lot at any time as a residence, either temporarily or permanently. All lots or any structures thereon shall be kept in a neat and orderly manner, free from all unlicensed automobiles and trucks and other debris.

Defendants argue that the term "mobile home" in the covenant is subject to different interpretations and that the correct interpretation of this term should have been determined at a trial. We disagree. Case law clearly sets out the features that make a structure a mobile home.

A "mobile home" is a structure that is designed to be moved, for transport. *Angel v. Truitt*, 108 N.C. App. 679, 683, 424 S.E.2d 660, 663 (1993). In *Starr v. Thompson*, 96 N.C. App. 369, 370-71, 385 S.E.2d 535, 536 (1989), we found that the structure in question was a "mobile home" because the structure was "made up of two sections . . .; each section ha[d] a permanent, built-in chassis equipped to accommodate four removable axles upon which motor vehicle like wheels [could] be affixed at each end;" and the structure was delivered to its location on wheels attached to the axles. We held in *Starr* that the structure was a mobile home "even though the axles, wheels and tongues were removed after the structure was placed on the lot." *Starr*, 96 N.C. App. at 371-72, 385 S.E.2d at 536. *See City of Asheboro v. Auman*, 26 N.C. App. 87, 88, 214 S.E.2d 621, 621 (where we held that creating a lack of mobility of the structure after it is installed does not change the fact that the structure is still a mobile home), cert. denied, 288 N.C. 239, 217 S.E.2d 663 (1975). In *Angel*, 108 N.C. App. 679, 683-84, 424 S.E.2d 660, 663 (1993), we concluded that the structure in question was not a mobile home because the structure did not have a permanent chassis; there were no axles or wheels on the structure; and the structure could only be transported by lifting it with a crane and placing it on a dolly.

Here, defendants admitted that the structure was delivered to the site in two sections; each section had its own permanent steel chas-

sis consisting of two "I" beams affixed to the flooring system of the unit; each unit was attached to four axles with two wheels per axle; and a truck towed the structure to its present site with the structure riding on its own axles and wheels. We conclude that this evidence established as a matter of law that the structure is a mobile home.

We note that once the structure at issue here reached its destination, the wheels and axles were removed and the structure was placed on concrete blocks which were stacked to create piers. Defendants point to *Angel* where, in concluding that a structure was not a mobile home, we noted that once the structure was placed on its foundation, it could only be "moved as one unit in exactly the same manner that a house built on-site is moved." *Angel*, 108 N.C. App. at 684, 424 S.E.2d at 663. Here, defendants argue that the structure is permanent in nature because the axles and wheels have been removed and now it can only be removed in one unit like a house built on-site is removed. Defendants point out that plaintiffs presented a forecast of evidence arguing that the structure is not permanent and can be removed by just reversing the process used to install it. Defendants contend that this contradicting evidence creates a genuine issue of material fact that should have been resolved at trial. Defendants' reliance on *Angel* is misplaced. As we stated above, rendering a structure immobile after it has been installed does not change the fact that the structure is still a mobile home. *Starr*, 96 N.C. App. at 371-72, 385 S.E.2d at 536; *Auman*, 26 N.C. App. at 88, 214 S.E.2d at 621. In *Angel*, we determined that the structure was not a mobile home because it was never designed for transport. Defendants' assignment of error fails.

Affirmed.

Judges LEWIS and McGEE concur.