CHARLES DOUGLAS RIVENBARK v. ATLANTIC STATES CONSTRUCTION COMPANY, ORIGINAL DEFENDANT AND WILSON EARL BLACKMON T/A W. E. BLACKMON CONSTRUCTION COMPANY, ADDITIONAL DEFENDANT

No. 728SC94

(Filed 24 May 1972)

Master and Servant § 19— employee of subcontractor — personal injury — liability of general contractor

    In an action by an employee of a subcontractor against the general contractor to recover for personal injuries allegedly caused by defendant's negligence in failing to provide plaintiff a safe place to work when a ditch caved in on him while he was laying pipe in a sewer line, summary judgment was properly entered in favor of de-

fendant general contractor where plaintiff offered no evidence to refute defendant's evidence that the subcontractor was an independent contractor, that if there were any negligence it was imputed to the subcontractor's work methods, and that defendant had no control or authority over the manner in which the work was performed by the subcontractor.

APPEAL by plaintiff from *Tillery, Judge,* 23 August 1971 Session of WAYNE Superior Court.

Plaintiff's claim for damages arose out of personal injuries sustained while laying pipe in a sewer line as an employee of Blackmon Construction Company (Blackmon). Blackmon was an independent subcontractor which had subcontracted the work from the original defendant, Atlantic States Construction Company (Atlantic States). Plaintiff recovered his full benefits under the Workmen's Compensation Act from his employer, Blackmon. Plaintiff's alleged cause of action for damages against Atlantic States, the general contractor, is based on his contention that Atlantic States failed to provide plaintiff a safe place to work. Atlantic States moved for summary judgment based on there being no genuine issue for trial. From judgment granting the motion and dismissing the action, plaintiff appealed.

*Herbert B. Hulse and Sasser, Duke & Brown by John E. Duke for plaintiff appellant.*

*Connor, Lee, Connor & Reece by Cyrus F. Lee for defendant appellee, Atlantic States Construction Company.*

BRITT, Judge.

Plaintiff contends that summary judgment was improperly granted for the reason that a genuine issue for trial was shown at the hearing. We do not agree with this contention.

Atlantic States' motion for summary judgment was supported by the pleadings, depositions of the plaintiff, and Blackmon, the subcontractor-employer of plaintiff, plaintiff's interrogatories to Atlantic States and its answers, a certified copy of the order of the industrial commission award for plaintiff's claim against Blackmon, the subcontracts between Blackmon and Atlantic States and an affidavit of the vice president of Atlantic States authenticating the contracts. This evidence tended to show: Plaintiff was injured when a ditch caved in

Rivenbark v. Construction Co.

on him while working for Blackmon; that Blackmon was an independent subcontractor; that Atlantic States, the general contractor, had no control over the manner or work methods used to perform this job; that if there were any negligence it was imputed to Blackmon's work methods and that plaintiff has recovered full benefits under his Workmen's Compensation claim against Blackmon.

Plaintiff offered nothing but the event of the accident to show negligence; but, assuming *arguendo* there was negligence, it is not attributable to Atlantic States. In 20 A.L.R. 2d 868 at 915 we find: "If the negligence which caused the injury was that of the injured person's own employer, and it is found as a fact that his employer was an independent contractor, the general contractor is not liable for the injury unless he or his own employees participated in the negligent act."

In *Mack v. Marshall Field & Co.*, 218 N.C. 697, 12 S.E. 2d 235 (1940), the court held that absent some control by the general contractor over the manner or way a subcontractor performed his work that there was a corresponding absence of any liability incident thereto. "That authority precedes responsibility, or control is a prerequisite of liability, is a well recognized principle of law as well as of ethics."

Therefore based on the evidence presented by Atlantic States to support its motion showing that Atlantic States had exerted no control or authority over the manner in which the work was performed by Blackmon, the subcontractor, the burden shifted to plaintiff to produce evidence which would present a genuine issue for trial. *Jarrell v. Samsonite Corp.*, 12 N.C. App. 673, 184 S.E. 2d 376 (1971), cert. den. 280 N.C. 180, 185 S.E. 2d 704 (1972); G.S. 1A-1, Rule 56(e). Plaintiff offered no evidence but relied solely on his pleadings and the evidence presented by Atlantic States, the movant.

Plaintiff's complaint failed to allege any sound legal theory of North Carolina law under which the general contractor would be liable to an employee of a subcontractor under the facts presented at the hearing. Therefore, the finding of fact by the court that there is no genuine issue as to material facts and the conclusion of law that defendant Atlantic States is entitled to a judgment of dismissal of the plaintiff's claim as a

matter of law were fully supported by the evidence and summary judgment was properly granted.

For the reasons stated, the judgment appealed from is

Affirmed.

Judges PARKER and HEDRICK concur.