JIMMY C. BRITT, PLAINTIFF v. AMERICAN HOIST & DERRICK COMPANY AND RAY ALDEN, DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. MILLER BUILDING CORPORATION, THIRD-PARTY DEFENDANT AND FOURTH-PARTY PLAINTIFF v. GOODYEAR MECHANICAL CONTRACTING COMPANY, INCORPORATED, FOURTH-PARTY DEFENDANT

No. 895SC432

(Filed 20 February 1990)

1. **Appeal and Error § 6.2 (NCI3d)— summary judgment on negligence claim appealable—summary judgment on indemnity claim not appealable**

    Defendant AmHoist could properly appeal summary judgment on its negligence claim against third party defendant Miller, though the appeal was interlocutory, since in the claim appealed, third party defendant Miller alleged plaintiff's contributory negligence; in the remaining claim defendant alleged plaintiff's contributory negligence, and these common allegations of negligence presented common factual issues which should be determined by the same jury. However, the trial court's entry of summary judgment for third party defendant on the indemnity claim did not affect a substantial right, as there existed no common factual issues in the claim determined and the claim remaining, since indemnity was not an issue in plaintiff's claim against defendant AmHoist.

    **Am Jur 2d, Appeal and Error § 104.**

2. **Negligence § 30.1 (NCI3d)— injuries on construction job— summary judgment for builder proper**

    In an action to recover for injuries sustained on a construction job, the trial court properly entered summary judgment for third party defendant builder on the issue of negligence where the builder offered evidence tending to show that the

BRITT v. AMERICAN HOIST AND DERRICK CO.

[97 N.C. App. 442 (1990)]

incident giving rise to the injury could have been caused by the negligence of an employee of defendant AmHoist, the plaintiff, or an employee of a subcontractor; none of the builder's employees were in the vicinity at the time of the incident or affected the incident in any manner; defendant builder had not trained plaintiff who worked for the subcontractor; and defendant builder was not involved in directing the subcontractor's operations.

**Am Jur 2d, Building and Construction Contracts §§ 132, 134, 144.**

**3. Master and Servant § 33 (NCI3d)— negligence of subcontractor—no imputation to contractor**

The negligence of a subcontractor and its employees could not be imputed to the contractor where there was no evidence that the contractor controlled the subcontractor's operations.

**Am Jur 2d, Building and Construction Contracts §§ 132, 134, 144.**

APPEAL by defendants and third-party plaintiffs American Hoist & Derrick Company and Ray Alden from order entered 7 December 1988 by *Judge James D. Llewellyn* in NEW HANOVER Superior Court. Heard in the Court of Appeals 18 October 1989.

*Anderson, Cox, Collier & Ennis, by Henry L. Anderson, Jr. and R. Alfred Patrick, for defendants and third-party plaintiff-appellants American Hoist and Derrick Company and Ray Alden.*

*Marshall, Williams, Gorham & Brawley, by William Robert Cherry, Jr., for third-party defendant and fourth-party plaintiff-appellee Miller Building Corporation.*

GREENE, Judge.

This appeal arises out of a civil action in which plaintiff Jimmy C. Britt (Britt) sought damages from defendants American Hoist & Derrick Company (AmHoist) and Ray Alden (Alden) for personal injuries allegedly sustained from defendants' negligence. The defendants brought Miller Building Corporation (Miller) into the action as a third-party defendant, and Miller brought Goodyear Mechanical Contracting Company, Inc. (Goodyear) into the action as a fourth-party defendant. The trial court granted the motions for summary judgment of Miller and Goodyear. The defendants

BRITT v. AMERICAN HOIST AND DERRICK CO.

[97 N.C. App. 442 (1990)]

AmHoist and Alden appeal the grant of summary judgment in favor of Miller.

AmHoist entered into a contract with Miller to convert a building into an AmHoist manufacturing facility. Goodyear was a subcontractor of Miller. On 15 October 1985 Britt was employed by Goodyear to work at the AmHoist facility being converted by Miller. Britt and another Goodyear employee, Michael A. Burton, were operating a manlift while another Goodyear employee, Dennis Bossinger, served as a lookout from the ground nearby. In the same area where Britt and Burton were elevated in the manlift, an AmHoist employee, Alden, was operating a pendant crane. The crane struck the manlift basket allegedly causing injuries to Britt.

After being sued by Britt, AmHoist asserted a third-party action for contribution and indemnity against Miller, claiming that Miller was either negligent in its supervision or operation of the work site or that a provision of the construction contract between AmHoist and Miller required Miller to indemnify AmHoist for any liability.

---

The issues presented are: I) whether this interlocutory appeal involves potential harm to a substantial right of the appellants as to (A) the negligence claim or (B) the indemnity claim; and II) whether an issue of material fact as to Miller's negligence was presented such as to preclude the trial court's grant of summary judgment for Miller.

I

A summary judgment which does not dispose of the case is interlocutory, and immediate appeal lies only in two events. "First, if there has been a final disposition of at least one but fewer than all claims, the final disposition of those claims may be appealed if the trial judge in addition certifies that there is no just reason to delay the appeal. N.C.G.S. § 1A-1, Rule 54(b) (1988)." *Davidson v. Knauff Ins. Co.*, 93 N.C. App. 20, 24, 376 S.E.2d 488, 490, *review denied*, 324 N.C. 577, 381 S.E.2d 772 (1989). Since the trial judge here did not provide certification, we look to the second avenue of appeal which arises out of the pertinent provisions of § 1-277 (1983) and § 7A-27(b) (1986). "Interlocutory appeals are most commonly allowed under Sections 1-277 and 7A-27(d) if delaying the appeal will prejudice any substantial rights." 93 N.C. App. at 24,

**BRITT v. AMERICAN HOIST AND DERRICK CO.**

[97 N.C. App. 442 (1990)]

376 S.E.2d at 491. We now must determine whether delaying the appeal here will prejudice any substantial rights.

A

[1] Delaying the appeal of the denial of AmHoist's claim against Miller affects a substantial right "*if* there are overlapping factual issues between the claim determined [here the AmHoist claim against Miller] and any claims which have not yet been determined [the Britt claim against AmHoist]." 93 N.C. App. at 26, 376 S.E.2d at 492. In the claim appealed Miller alleges contributory negligence of Britt, and in the remaining claim AmHoist alleges the contributory negligence of Britt. These common allegations of negligence present common factual issues and should be determined by the same jury. Otherwise there exists the possibility that different juries addressing the same issue would reach inconsistent verdicts. *See Green v. Duke Power Co*, 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982).

B

Our finding that the negligence claim is immediately appealable does not mandate that all other issues in the claim determined are appealable. *See Davidson*, 93 N.C. App. at 27, 376 S.E.2d at 492. Each issue should be determined on its own merits. *Id*. Therefore, we address separately whether the trial court's entry of summary judgment for Miller on the indemnity claim affects a substantial right. We determine there exist no common factual issues in the claim determined and the claim remaining since indemnity is not an issue in Britt's claim against AmHoist. *See Cook v. Export Leaf Tobacco Co.*, 47 N.C. App. 187, 266 S.E.2d 754 (1980) (appeal of indemnity issue does not ripen until conclusion of underlying action).

II

[2] We must now determine whether summary judgment was properly granted on the issue of Miller's negligence. AmHoist argues that evidence was forecast from which a jury could find Miller either engaged in a negligent act causing the incident at issue or may be found liable as a result of negligence imputed to it from Goodyear. The burden of establishing the lack of a genuine issue of material fact lies upon the movant. *Boyce v. Meade*, 71 N.C. App. 592, 593, 322 S.E.2d 605, 607 (1984), *disc. rev. denied*, 313 N.C. 506, 329 S.E.2d 390 (1985). The movant, Miller, produced evidence tending to show that the incident could have been caused

by the negligence of either AmHoist employee Alden, the plaintiff, or by another of Goodyear's employees. Furthermore, Miller produced evidence tending to show that none of Miller's employees were in the vicinity at the time of the incident or affected the incident in any manner. Miller also showed that it did not train Britt and that it was not involved in directing Goodyear's operations. Since "movant's forecast, considered alone . . . [is] such as to establish his right to judgment as a matter of law," *Caldwell v. Deese*, 288 N.C. 375, 379, 218 S.E.2d 379, 381-82 (1975), the non-moving party "must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not so doing." *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 654, 268 S.E.2d 190, 193 (1980). Since AmHoist produced no evidence of any negligent act or omission of Miller, summary judgment for Miller as to Miller's actual negligence was properly granted.

[3] Summary judgment was also properly granted as to potential liability of Miller imputed by law. As a matter of law, Miller cannot be held liable for the negligence of an employee of its subcontractor Goodyear, if there is no evidence of Miller's control of Goodyear's operations. *See Rivenbark v. Atlantic States Const. Co.*, 14 N.C. App. 609, 188 S.E.2d 747, *cert. denied*, 281 N.C. 623, 190 S.E.2d 471 (1972). Here Miller produced evidence that it was not in control of the subcontractor's activities, and thus the subcontractor was independent. Since AmHoist did not come forward with evidence tending to prove that Miller controlled Goodyear and its employees, the negligence of Goodyear or its employees could not be imputed to Miller.

The appeal as to the enforceability of the indemnity clause is dismissed, and the summary judgment on Miller's negligence is affirmed.

Affirmed in part, dismissed in part.

Judges EAGLES and PARKER concur.