KIMBRELL'S OF SANFORD, N.C., INC. v. KPS, INC., T/A KENDALE PAWN
SHOP AND LEE BURNS

No. 9311DC49

(Filed 1 March 1994)

1. **Secured Transactions § 62 (NCI4th)— seller's security interest in pawned VCR—default by purchaser—right to possession**
     Plaintiff was entitled to recover from defendant pawn shop a VCR sold to defendant purchaser under a purchase

KIMBRELL'S OF SANFORD v. KPS, INC.

[113 N.C. App. 830 (1994)]

money security agreement where the purchaser immediately pawned the VCR, failed to make further payments, and defaulted on the security agreement. Since a VCR is a consumer good, plaintiff did not have to file a financing statement in order to perfect its purchase money security interest in the VCR. N.C.G.S. §§ 25-9-107, 25-9-302(1)(d).

**Am Jur 2d, Secured Transactions §§ 306, 465.**

2. **Appearance § 6 (NCI4th); Process and Service § 26 (NCI4th) — failure to name corporation as defendant — mere misnomer — waiver by general appearance**

The naming of the defendant in the complaint and summons as Kendale Pawn Shop when the legal entity for the pawn shop is KPS, Inc., d/b/a Kendale Pawn Shop was a mere misnomer which defendant waived by answering the complaint and appearing at trial where the complaint and summons were served on the owner of the pawn shop, and all parties considered the corporation to be the defendant.

**Am Jur 2d, Appearance § 7.**

Appeal by plaintiff from judgment entered 5 November 1992 by Judge William A. Christian in Lee County District Court. Heard in the Court of Appeals 18 November 1993.

This action arises out of plaintiff's attempt to recover from defendant KPS, Inc. a VCR which plaintiff had sold to defendant Burns and which Burns had immediately pawned at the Kendale Pawn Shop. Plaintiff filed a complaint in small claims court, and the magistrate, after a hearing on 17 February 1992, entered judgment denying plaintiff recovery of the VCR. Plaintiff appealed to the district court. Judge William A. Christian, sitting without a jury, entered judgment denying plaintiff recovery and dismissing the action. From this judgment, plaintiff appeals.

*Harrington, Ward, Gilleland & Winstead, by F. Jefferson Ward, Jr., for plaintiff-appellant.*

*Staton, Perkinson, Doster, Post, Silverman & Adcock, by Jonathan Silverman and Diane W. Stevens, for defendant-appellee.*

KIMBRELL'S OF SANFORD v. KPS, INC.

[113 N.C. App. 830 (1994)]

McCRODDEN, Judge.

[1] Plaintiff offers one argument raising the issue of whether it was entitled to recover from defendant pawn shop a VCR plaintiff had sold to defendant Burns under a purchase money security agreement. Defendant KPS, Inc. made several cross-assignments of error, but raises only the issue of whether the trial court could enter judgment against it when the complaint and summons named only Kendale Pawn Shop.

Plaintiff argues that the judgment denying it recovery of the VCR contravened Article 9 of the Uniform Commercial Code, as contained in N.C. Gen. Stat. §§ 25-9-101 to -9-607 (1986 and Supp. 1993). We agree.

At the time defendant Burns purchased the VCR from plaintiff, he signed a purchase money security agreement, thereby granting plaintiff a purchase money security interest in the VCR. N.C.G.S. § 25-9-107. Since a VCR is a consumer good, N.C.G.S. § 25-9-109(1), plaintiff did not have to file a financing statement in order to perfect its purchase money security interest in the VCR. N.C.G.S. § 25-9-302(1)(d). Defendant Burns failed to make any further payments for the VCR and defaulted on the security agreement. Therefore, plaintiff was entitled to recover possession of the VCR when it filed its action in small claims court. N.C.G.S. §§ 25-9-501, 25-9-503. Accordingly, we hold that the trial court erred in dismissing plaintiff's claim to recover possession of the VCR.

[2] Defendant KPS, Inc., however, argues in support of its cross-assignment of error that the trial court erred in entering a judgment which referred to KPS, Inc. as a defendant when the summons and complaint had been addressed to Kendale Pawn Shop. Defendant argues that KPS, Inc. was never served with notice, did not voluntarily appear in its corporate capacity, and thus was never a party to this action. We reject this argument.

At the trial in district court, Jim Johnson testified as follows:

Q. How are you employed, Mr. Johnson?

A. With *Kendale Pawn Shop which is KPS, Inc.*

Q. Is there any such legal entity as Kendale Pawn Shop?

A. *Well, it is KPS, Inc. and we operate under Kendale Pawn Shop.*

KIMBRELL'S OF SANFORD v. KPS, INC.

[113 N.C. App. 830 (1994)]

Q. So it is KPS, Inc., D/B/S [sic] Kendale Pawn Shop?

A. That is correct.

Q. How are you employed by KPS, Inc.?

A. I own it and, I guess, manage it too.

Q. Did you take the pawn on this VCR?

A. Yes, we did.

Defendant KPS, Inc. has conceded that the summons and complaint against Kendale Pawn Shop were originally served upon Jim Johnson as its owner. Defendant answered the district court complaint by admitting that the defendant was a resident of Lee County and denying all the other allegations contained therein. The record reveals that there is no separate legal entity known as Kendale Pawn Shop; there is only KPS, Inc., which does business under the name Kendale Pawn Shop. All parties considered the corporation to be the defendant. It is therefore immaterial that the judgment was entered in favor of KPS, Inc. d/b/a Kendale Pawn Shop while the initial caption of the case referred only to Kendale Pawn Shop.

Defendant's reliance on *Barber v. Dixon*, 62 N.C. App. 455, 302 S.E.2d 915, *disc. review denied*, 309 N.C. 191, 305 S.E.2d 732 (1983), is misplaced. While it is true that a judgment rendered against a person in an action to which he is not a party is void, 62 N.C. App. at 460, 302 S.E.2d at 918, in this case the use of the name Kendale Pawn Shop to refer to the defendant in the complaint was a mere misnomer, which defendant waived by answering the complaint and appearing at trial. *See Drainage District v. Commissioners*, 174 N.C. 738, 739, 94 S.E. 530, 531 (1917) ("[A] general appearance cures a misnomer of defendant in process or pleadings.").

We hold that the trial court had jurisdiction over the corporation so that its entry of judgment referring to KPS, Inc. was proper. We overrule defendant's cross-assignment of error.

For the foregoing reasons, we reverse the judgment of the trial court and remand for entry of judgment in favor of plaintiff.

Reversed.

Judges LEWIS and WYNN concur.