LEE ANNE JARRELL, Administratrix of the Estate of Robert E.L. Jarrell, II, deceased, and JOHN LEE JARRELL, by and through Carole B. McCullough, his Guardian Ad Litem, Plaintiffs v. COASTAL EMERGENCY SERVICES OF THE CAROLINAS, INC., f/k/a Coastal Emergency Services of Durham, Inc., d/b/a Person Emergency Physicians, COASTAL EMERGENCY SERVICES, INC., PERSON COUNTY MEMORIAL HOSPITAL, INC. and JAMES N. FINCH, M.D., Defendants

No. 94-1312

(Filed 19 December 1995)

**Appeal and Error § 116 (NCI4th)— interlocutory appeal—no substantial right affected—dismissal proper**

Plaintiffs' appeal is dismissed as interlocutory where the trial court's order dismissed all claims against certain defendants and some claims against others, but there were no factual issues common to the claims determined and the claims remaining so that no substantial right was affected.

**Am Jur 2d, Appellate Review §§ 120, 166.**

Appeal by plaintiffs from orders entered 12 May, 13 May, 16 May, and 20 May 1994 by Judge Robert H. Hobgood in Person County Superior Court. Heard in the Court of Appeals 31 August 1995.

**JARRELL v. COASTAL EMERGENCY SERVICES OF THE CAROLINAS**

[121 N.C. App. 198 (1995)]

Plaintiffs filed this action on 6 May 1992 seeking recovery from defendants under the theories of wrongful death by medical malpractice and negligent infliction of emotional distress. In a series of orders issued 12-20 May 1994, the trial court granted summary judgment for defendants Coastal Emergency Services of the Carolinas, Inc. (CES-Carolinas), Coastal Emergency Services, Inc. (CES), and Person County Memorial Hospital. Partial summary judgment was granted for defendant James Finch on the issue of plaintiff John Lee Jarrell's claim of negligent infliction of emotional distress. The trial court also allowed defendants' motion *in limine* to prohibit reference to any contracts between the defendants, and granted motions to quash subpoenas directing David Singley, David Moye, and Dr. Cherri Campbell to appear and produce certain documents. From these orders, plaintiffs appeal.

*Bentley & Kilzer, P.A., by Charles A. Bentley, Jr., and Susan B. Kilzer, for plaintiff-appellants*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Samuel G. Thompson, John D. Madden, and James Y. Kerr, II, for defendant-appellees Coastal Emergency Services, Inc., Coastal Emergency Services of the Carolinas, Inc., and James N. Finch, M.D.*

*Yates, McLamb & Weyher, by Bruce W. Berger, for defendant-appellee Person County Memorial Hospital, Inc.*

*Moore & Van Allen, PLLC, by William E. Freeman, for appellee Cherri Campbell, M.D.*

McGEE, JUDGE

Following the filing of the record and briefs in this case, appellees filed a motion to dismiss the appeal, arguing it is interlocutory with no immediate right to appeal. After reviewing the record and transcripts, we agree and dismiss the appeal.

The trial court's orders completely dismissed the actions against defendants CES, CES-Carolinas, and Person County Memorial Hospital, and dismissed plaintiff John Jarrell's negligent infliction of emotional distress claim against defendant James Finch. Plaintiff Lee Anne Jarrell voluntarily dismissed her negligent infliction of emotional distress claim against Finch. However, the wrongful death action against Finch survives. Orders which do not dispose of the action as to all parties are interlocutory. *Cunningham v. Brown,* 51

N.C. App. 264, 267, 276 S.E.2d 718, 722 (1981). Ordinarily, there is no right of appeal from interlocutory orders. N.C.R. Civ. P. 54(b) (1990); *Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993).

However, there are two instances where a party may appeal interlocutory orders: 1) if there has been a final determination as to one or more of the claims and the trial court certifies there is no just reason to delay the appeal; or 2) if delaying the appeal would prejudice a substantial right. Rule 54(b); N.C. Gen. Stat. § 1-277 (1983); N.C. Gen. Stat. § 7A-27 (1989); *Liggett Group*, 113 N.C. App. at 23-24, 437 S.E.2d at 677. As appellants admit, the trial court made no certification. Therefore, appellants have no right to appeal the interlocutory orders absent a showing that a substantial right will be affected by not allowing the appeal prior to entry of final judgment.

Our courts have found a substantial right to be affected where a judgment "creates the possibility of inconsistent verdicts on the same issue—in the event an appeal eventually is successful," *DeHaven v. Hoskins*, 95 N.C. App. 397, 399, 382 S.E.2d 856, 858, *disc. review denied*, 325 N.C. 705, 388 S.E.2d 452 (1989), and where there is the possibility of two trials on the same issues, *Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982). However, if there are no factual issues common to the claim determined and the claims remaining, no substantial right is affected. *See Britt v. American Hoist and Derrick Co.*, 97 N.C. App. 442, 445, 388 S.E.2d 613, 615 (1990).

Contrary to appellants' contentions, their claims do not present identical factual issues which create the possibility of two trials on the same issue. The remaining claims against Finch involve negligence and wrongful death. Appellants stipulated that they abandoned any claims of independent acts of alleged negligence on the part of CES, CES-Carolina, and Person County Memorial Hospital. Therefore, any cause of action against those defendants is based solely upon a theory of *respondeat superior*. If appellants successfully prove the negligence of Finch at trial, and then successfully appeal the grant of summary judgment for the other defendants, a second trial would only involve the issue of a master/servant relationship between the defendants. The primary liability of Finch would have already been established in the first trial. If appellants fail to prove their claim at trial, then they may appeal that judgment and have all issues determined at the same time.

Likewise, John Jarrell's claim for negligent infliction of emotional distress involves the issue of Finch's negligence as well as the separate factual issues of the existence of severe emotional distress and foreseeability of injury. If at trial a jury determines Finch's conduct to be negligent, then John Jarrell would only have to prove severe emotional distress and foreseeablity of injury at a second trial in the event of a proper successful appeal. Since a second trial would not require appellants to retry the negligence issue, there are no overlapping issues to justify an immediate appeal of the interlocutory order. *See Green*, 305 N.C. at 607-08, 290 S.E.2d at 596. Once the issue of Finch's negligence has been resolved at trial, these claims will be properly before this Court, and we will be able to fully determine all issues.

This appeal is interlocutory and falls under no applicable exception. Therefore, it is in violation of G.S. 1-277, G.S. 7A-27, and Rule 54(b) and must be dismissed. This rule promotes judicial economy by avoiding fragmentary, premature and unnecessary appeals and permits the trial court to fully and finally adjudicate all the claims among the parties before the case is presented to the appellate court. *Sportcycle Co. v. Schroader*, 53 N.C. App. 354, 358, 280 S.E.2d 799, 801-02 (1981). The appeal is dismissed, the writ of supersedeas staying the trial of the remaining claims is dissolved, and the case is remanded for trial.

Dismissed, Writ Dissolved, and Remanded.

Judges COZORT and WALKER concur.