ALEXANDER HAMILTON LIFE INSURANCE COMPANY OF AMERICA F/K/A JEFFERSON-PILOT PENSION LIFE INSURANCE COMPANY, PLAINTIFF v. J&H MARSH & McCLENNAN, INC., SUCCESSOR TO JOHNSON & HIGGINS CAROLINAS, INC., AND HARTFORD FIRE INSURANCE COMPANY, DEFENDANTS

No. COA00-475

(Filed 3 April 2001)

**Appeal and Error— appealability—partial summary judgment**

Plaintiff's and defendants' appeals were dismissed as interlocutory where plaintiff filed an action seeking recovery for breach of contract and negligence and the trial court granted summary judgment for defendant Hartford on the breach of contract claim, denied summary judgment on the issues of negligence and agency, and denied defendant J&H's motion for summary judgment concerning the extent of damages. The trial court did not certify that there was no just reason for delay, and plaintiff's claims for breach of contract and negligence do not present identical factual issues that create the possibility of two trials on the same issues.

ALEXANDER HAMILTON LIFE INS. CO. OF AM. v. J&H MARSH & McCLENNAN, INC.

[142 N.C. App. 699 (2001)]

Appeal by plaintiff and defendants from judgment entered 24 January 2000 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 13 March 2001.

*Sharpless & Stavola, P.A., by Frederick K. Sharpless and Eugene E. Lester III, for plaintiff appellant-appellee.*

*Kennedy Covington Lobdell & Hickman, L.L.P., by Raymond E. Owens, Jr., and Russell F. Sizemore, for defendant appellant-appellee J&H Marsh & McClennan, Inc.*

*Faison & Gillespie, by O. William Faison, Michael R. Ortiz, John-Paul Schick and Broderick W. Harrell, for defendant appellant-appellee Hartford Fire Insurance Company.*

McCULLOUGH, Judge.

Plaintiff filed this action on 18 August 1998 seeking recovery from defendants under theories of breach of contract and negligence. By order issued 24 January 2000, the trial court granted partial summary judgment for defendant Hartford Fire Insurance Company (Hartford) on the issue of breach of contract, but denied summary judgment on issues of negligence and agency. The trial court also denied defendant J&H Marsh & McClennan's (J&H) motion for summary judgment concerning the extent of plaintiff's damages. From this order, plaintiff and defendants appeal.

Defendant Hartford filed a motion to dismiss plaintiff's appeal, arguing that it is interlocutory with no immediate right to appeal. After reviewing the record before us, we agree and dismiss the appeal.

We do not review interlocutory orders as a matter of course. N.C. Gen. Stat. § 1A-1, Rule 54(b) (1999); *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). There are two instances, however, where a party may appeal interlocutory orders. The first instance arises where there has been a final determination as to one or more of the claims, and the trial court certifies that there is no just reason to delay the appeal. *Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). The trial court in the instant case made no such certification. Thus, plaintiff is limited to the second avenue of appeal, namely where "the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995). In such cases, we may review the appeal

ALEXANDER HAMILTON LIFE INS. CO. OF AM. v. J&H MARSH & McCLENNAN, INC.

[142 N.C. App. 699 (2001)]

under N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1). *Id.* The moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party. *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990). Whether a substantial right is affected is determined on a case-by-case basis, and should be strictly construed. *Bernick v. Jurden*, 306 N.C. 435, 439, 293 S.E.2d 405, 408 (1982); *Buchanan v. Rose*, 59 N.C. App. 351, 352, 296 S.E.2d 508, 509 (1982).

In the instant case, plaintiff argues that the trial court's order affects its substantial right to avoid the possibility of inconsistent verdicts in separate trials. Our Supreme Court has held that the right to avoid the possibility of two trials on the same issues is a substantial right that may support immediate appeal. *Green v. Duke Power Co.*, 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982). If there are no factual issues common to the claim determined and the claims remaining, however, no substantial right is affected. *Britt v. American Hoist and Derrick Co.*, 97 N.C. App. 442, 445, 388 S.E.2d 613, 615 (1990). In the instant case, plaintiff claims that there are common issues involving agency that create a possibility of inconsistent verdicts.

Contrary to plaintiff's contentions, its claims involving breach of contract and those involving negligence do not present identical factual issues that create the possibility of two trials on the same issues. The trial court's grant of partial summary judgment on plaintiff's first and second claims dealt only with the insurance contract between plaintiff and defendant Hartford and Hartford's alleged breach thereof. Plaintiff's breach of contract claim does not impact plaintiff's alternative claim that J&H was Hartford's agent for negligence purposes. Further, plaintiff's first and second claims do not involve the joint liability of both defendants, but that of defendant Hartford alone. If plaintiff successfully proves the issue of Hartford's imputed negligence at trial, and then successfully appeals the grant of summary judgment on the issue of breach of contract, a second trial would only involve the issue of plaintiff's coverage under the insurance contract. If plaintiff fails to prove the issue of Hartford's imputed negligence through agency at trial, then it is free to appeal that judgment and have all issues determined at the same time.

Because a second trial would not require plaintiff to retry the agency issue, there are no overlapping issues and the possibility of

inconsistent verdicts does not exist. As such, this appeal is interlocutory and falls under no applicable exception. We hold that plaintiff's appeal is interlocutory and must be dismissed. Defendant J&H's appeal is similarly premature, as it seeks this Court's determination on the question of plaintiff's damages before the question of liability is even established.

"The rule against interlocutory appeals promotes judicial economy by avoiding fragmentary, premature and unnecessary appeals and permits the trial court to fully and finally adjudicate all the claims among the parties before the case is presented to the appellate court." *Jarrell v. Coastal Emergency Services of the Carolinas*, 121 N.C. App. 198, 201, 464 S.E.2d 720, 722-23 (1995). We dismiss plaintiff's and defendants' appeals and remand the case to the trial court.

Dismissed and remanded.

Judges GREENE and HUDSON concur.