CARLIE BOWLING, Plaintiff v. MARGARET R. PARDEE MEMORIAL HOSPITAL, Defendant

No. COA05-1497

(Filed 17 October 2006)

**1. Appeal and Error— appealability—interlocutory order— substantial right**

Although plaintiff's appeal from the trial court's order dismissing his claim under the North Carolina Persons with Disabilities Protection Act is an appeal from an interlocutory order

based on the fact that two claims remain at the trial level, plaintiff is entitled to immediate appeal based on a substantial right, because: (1) plaintiff's North Carolina Disabilities Act claim and his claim for wrongful discharge in violation of public policy, which remains at the trial court level, unquestionably involve the same facts and circumstances; and (2) if the appeal is refused, two trials and possibly inconsistent verdicts could result.

2. **Disabilities— North Carolina Persons with Disabilities Protection Act—Americans with Disabilities Act—Equal Employment Opportunity Commission claim commenced—concurrent jurisdiction not allowed**

The trial court did not err by dismissing plaintiff's claim under the North Carolina Persons with Disabilities Protection Act (NC Disabilities Act) pursuant to N.C.G.S. § 168A-11(c) after plaintiff commenced an Equal Employment Opportunity Commission (EEOC) claim, because: (1) the General Assembly has disallowed concurrent jurisdiction over an NC Disabilities Act claim and an Americans with Disabilities Act claim that arises out of the same facts and circumstances; (2) plaintiff's claim was still being investigated at the EEOC at the time of his state court filing thus making it fall within the NC Disabilities Act's language of "commenced federal administrative proceedings" and thereby removing it from the subject matter jurisdiction of the state court; and (3) the fact that defendant's motion to dismiss was not heard until after the EEOC had issued plaintiff's right-to-sue letter was immaterial since the court never had jurisdiction over the case at all based on the fact that it was initially filed after plaintiff had already commenced federal administrative proceedings such that federal jurisdiction had attached.

3. **Constitutional Law— Open Courts provision—federal proceeding—surrender of state court remedy—not violation**

An employee allegedly terminated because of his disability who elected to commence a federal proceeding with the EEOC and thus voluntarily surrendered his right to a remedy in the state court under the N.C. Persons with Disabilities Protection Act pursuant to N.C.G.S. § 168A-11(c) while the federal proceeding was pending was not denied access to the state courts in violation of the Open Courts provision of N.C. Const. art. I, § 18.

**BOWLING v. MARGARET R. PARDEE MEM'L HOSP.**

[179 N.C. App. 815 (2006)]

Appeal by plaintiff from judgment entered 12 July 2005 by Judge Laura J. Bridges in Superior Court, Henderson County. Heard in the Court of Appeals 21 September 2006.

*Law Offices of Glen C. Shults, by Glen C. Shults, for plaintiff-appellant.*

*Ford & Harrison, LLP, by David H. Tyner and Wade E. Ballard, for defendant-appellee.*

WYNN, Judge.

No state court shall have jurisdiction over an action filed under the North Carolina Persons with Disabilities Protection Act (North Carolina Disabilities Act), where the plaintiff has commenced federal administrative proceedings under the Americans with Disabilities Act (ADA).[1] Plaintiff argues that because he only commenced discrimination proceedings under the ADA with the Equal Employment Opportunity Commission (EEOC), this provision does not bar his North Carolina Disabilities Act action. Since filing a claim with the EEOC commences "federal administrative proceedings," we affirm the dismissal of Plaintiff's state law claim.

Plaintiff Carlie Bowling, a licensed pharmacist, began working for Defendant Margaret R. Pardee Memorial Hospital in January 2004. He suffers from migraine headaches and other physical impairments arising from service-related injuries sustained in a helicopter crash in the mid-1980s. In July 2004, Pardee Hospital placed Mr. Bowling on administrative leave because of "certain episodes relating to Plaintiff's job performance that caused concern about patients' safety." Mr. Bowling was subsequently examined by the hospital's medical director and then terminated on 12 August 2004, after he refused to resign.

On 26 October 2004, Mr. Bowling filed a claim with the EEOC, alleging that Pardee Hospital had discriminated against him and terminated him because of his migraine headaches, in violation of the Americans with Disabilities Act (ADA).[2] While the EEOC matter was pending, Mr. Bowling brought an action in state court on 25 January 2005, asserting state law claims under the North Carolina Disabilities Act, wrongful discharge in violation of public policy, and negligent infliction of emotional distress. Pardee Hospital responded by mov-

---

1. N.C. Gen. Stat. § 168A-11(c) (2005).

2. 42 U.S.C. §§ 12101 *et seq.* (2004).

ing to dismiss on 27 April 2005. The EEOC issued a right-to-sue letter to Mr. Bowling on 11 May 2005.

Following a hearing on Pardee Hospital's motion to dismiss, the trial court dismissed Mr. Bowling's claim under the North Carolina Disabilities Act and denied Pardee Hospital's motion to dismiss Mr. Bowling's claims of wrongful discharge in violation of public policy and negligent infliction of emotional distress.

[1] Before we address the merits of Mr. Bowling's appeal from that order, we note that his appeal is interlocutory, as the trial court's judgment is not "one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). Mr. Bowling has two claims remaining at the trial level, but he argues that the dismissal of his North Carolina Disabilities Act claim affects a substantial right under North Carolina General Statutes §§ 1-277 and 7A-27(d), thereby giving this Court jurisdiction to consider the interlocutory appeal.

A "substantial right" is one "affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which a [person] is entitled to have preserved and protected by law: a material right." *Oestreicher v. American Nat'l Stores, Inc.*, 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976). Moreover, as previously held by this Court, "the right to avoid the possibility of two trials on the same issues is a substantial right that may support immediate appeal." *Alexander Hamilton Life Ins. Co. of Am. v. J & H Marsh & McClennan, Inc.*, 142 N.C. App. 699, 701, 543 S.E.2d 898, 900 (2001), *disc. review denied*, 357 N.C. 658, 590 S.E.2d 267 (2003); *see also Green v. Duke Power Co.*, 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982). However, "[i]f there are no factual issues common to the claim determined and the claims remaining, . . . no substantial right is affected." *Alexander Hamilton*, 142 N.C. App. at 701, 543 S.E.2d at 900.

Here, Mr. Bowling's North Carolina Disabilities Act claim and his claim for wrongful discharge in violation of public policy, which remains at the trial court level, unquestionably involve the same facts and circumstances, namely, his termination by Pardee Hospital. If we refuse his appeal, two trials and possibly inconsistent verdicts could result. We therefore address the merits of Mr. Bowling's arguments that the trial court erred in dismissing his claim under the North Carolina Disabilities Act because (I) the statute does not require dis-

missal of a case when an individual files a claim with the EEOC; and (II) the dismissal violated the "Open Courts" clause of the North Carolina Constitution.

I.

**[2]** Mr. Bowling first asks us to construe N.C. Gen. Stat. § 168A-11(c) (2005) as not requiring dismissal of a state law claim when an EEOC claim is commenced.

"The cardinal principle of statutory construction is that the intent of the legislature is controlling." *State ex rel. Utils. Comm'n v. Carolina Util. Customers Ass'n, Inc.*, 163 N.C. App. 46, 50, 592 S.E.2d 221, 224 (internal quotations and citation omitted), *disc. review denied*, 358 N.C. 739, 602 S.E.2d 682 (2004). Moreover, "[t]he first consideration in determining legislative intent is the words chosen by the legislature." *O & M Indus. v. Smith Eng'g Co.*, 360 N.C. 263, 267, 624 S.E.2d 345, 348 (2006). If the language of a statute is "clear and unambiguous, there is no room for judicial construction and the court must give the statute its plain and definite meaning." *In re Banks*, 295 N.C. 236, 239, 244 S.E.2d 386, 388 (1978). The statute should also be read as a whole. "The words and phrases of a statute must be interpreted contextually, and read in a manner which effectuates the legislative purpose." *In re Appeal of Bass Income Fund*, 115 N.C. App. 703, 705, 446 S.E.2d 594, 595 (1994) (internal citations and quotations omitted).

The statute at issue in this case is the North Carolina Disabilities Act, which reads in pertinent part:

> No court shall have jurisdiction over an action filed under this Chapter where the plaintiff has commenced federal judicial or administrative proceedings . . . under the Americans with Disabilities Act of 1990, . . . involving or arising out the facts and circumstances involved in the alleged discriminatory practice under this Chapter. If such proceedings are commenced after a civil action has been commenced under this Chapter, the State court's jurisdiction over the civil action shall end and the action shall be forthwith dismissed.

N.C. Gen. Stat. § 168A-11(c) (2005). Thus, the first part of the statute prevents this State's courts from having jurisdiction over North Carolina Disabilities Act claims that are based on the same facts and circumstances of an action already "commenced" at either the federal administrative or judicial level; the second part then

strips this State's courts of such jurisdiction if the action is commenced at the federal level after a North Carolina Disabilities Act claim has already been initiated.

Taken as a whole, then, the statute prohibits a plaintiff from commencing an action at the federal level, and then filing suit at the state level; or, alternatively, from filing suit at the state level and then commencing an action at the federal level. Using clear and concise language, the General Assembly has disallowed concurrent jurisdiction over a North Carolina Disabilities Act claim and an ADA claim that arise out of the same facts and circumstances.

Under the ADA, a claimant must exhaust his administrative remedies by first filing a claim with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1) (2004); see also Sheaffer v. County of Chatham, 337 F. Supp. 2d 709, 723 (M.D.N.C. 2004). Following review by the EEOC, if a right-to-sue letter is issued, the plaintiff has an additional ninety days to file suit in federal court under the ADA. 42 U.S.C. § 2000e-5(f)(1) (2004). The North Carolina Disabilities Act has a similar 180-day statute of limitations from when the plaintiff becomes aware of or, with reasonable diligence, should have become aware of the alleged discriminatory practice. N.C. Gen. Stat. § 168A-12 (2005).

Here, Mr. Bowling was terminated on 12 August 2004 and filed a claim with the EEOC on 26 October 2004, within the ADA's statute of limitations. While the EEOC was investigating his claim, Mr. Bowling also filed suit in state court on 25 January 2005, within the North Carolina Disabilities Act's statute of limitations. However, because Mr. Bowling's claim was still being investigated at the EEOC at the time of his state court filing, it fell within the North Carolina Disabilities Act's language of "commenced federal . . . administrative proceedings," thereby removing it from the subject matter jurisdiction of the state court. The fact that Pardee Hospital's motion to dismiss was not heard until 27 June 2005, after the EEOC has issued Mr. Bowling a right-to-sue letter, is immaterial; the court never had jurisdiction over the case at all because it was initially filed after Mr. Bowling had already "commenced federal . . . administrative proceedings," such that federal jurisdiction was attached. In addition, Mr. Bowling had an additional ninety days after the right-to-sue letter to file suit in federal court.

The clear meaning of the language of N.C. Gen. Stat. § 168A-11(c) does not allow a plaintiff to file simultaneous federal and state

claims, then see which one has a better chance of being successful. A plaintiff must either choose a single forum at the outset and proceed accordingly, or ensure that one claim or the other is completely concluded within the statute of limitations so that he may move forward with the other. In light of the provisions of the ADA, the short statute of limitations prescribed for the North Carolina Disabilities Act by our General Assembly suggests its intent to allow a plaintiff a remedy at either the state or federal levels, but not both. Accordingly, we hold that N.C. Gen. Stat. § 168A-11(c) requires dismissal of a state law claim when an EEOC claim is commenced.

## II.

**[3]** Along these lines, we find Mr. Bowling's argument that the Open Courts clause of the North Carolina Constitution requires that he have recourse to the state courts for his North Carolina Disability Act claim to be without merit.

The Open Courts clause provides that, "All courts shall be open; every person for an injury done to him in his lands, goods, person, or reputation shall have remedy by due course of law . . ." N.C. Const. art. I, § 18. Nevertheless, as our Supreme Court has noted in the past, "[t]he legislature has the power to define the circumstances under which a remedy is legally cognizable and those under which it is not." *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 444, 302 S.E.2d 868, 882 (1983). This Court has likewise held that a statute does not violate the Open Courts clause if it "does not deny litigants access to North Carolina courts, but merely *postpones* litigation here pending the resolution of the same matter in another sovereign court." *Lawyers Mut. Liab. Ins. Co. v. Nexsen Pruet Jacobs & Pollard*, 112 N.C. App. 353, 358, 435 S.E.2d 571, 574 (1993) (internal quotations and citation omitted).

In the instant case, Mr. Bowling was not denied access to nor barred from the North Carolina courts. Rather, he elected to commence federal administrative proceedings, thereby voluntarily surrendering his right to a remedy in state court, so long as those federal proceedings were pending. The North Carolina courts were open to Mr. Bowling; he chose not to avail himself of them for his North Carolina Disabilities Act claim.

In conclusion, we affirm the trial court's dismissal of Mr. Bowling's claim under the North Carolina Disabilities Act.

Affirmed.

Judges McGEE and McCULLOUGH concur.