CAROLYN DOLORIS TAYLOR, Plaintiff v. HOSPICE OF HENDERSON COUNTY, INC., D/B/A FOUR SEASONS HOSPICE & PALLIATIVE CARE; JOANIE BURNS; AND JEANNETTE KUTT, Defendants

No. COA08-530

(Filed 2 December 2008)

**1. Appeal and Error— appealability—dismissal of NCPWDA claims—remaining claims—possibility of inconsistent verdicts**

An interlocutory order dismissing plaintiff's claim under the North Carolina Persons With Disabilities Act was immediately appealable where the trial court denied defendants' motion to dismiss plaintiff's remaining claims and there was a risk that two trials and possibly inconsistent verdicts could result.

**2. Statutes of Limitation and Repose— relation back— amended summons—name change—not a substitution of parties**

The trial court erred by dismissing claims under the North Carolina Persons With Disabilities Act where the alleged discriminatory conduct took place on 14 December 2006; the applicable 180 day statute of limitations expired on 12 June 2007; plaintiff's original summons was issued on that date; an amended summons was issued on 1 August 2007; and the trial court held that the amended summons did not relate back. The amended summons changed "Four Seasons Hospice & Palliative Care, Inc" to "Hospice of Henderson County, Inc., d/b/a Four Seasons Hospice & Palliative Care," a change that did not amount to a substitution of parties.

Appeal by plaintiff from order entered 8 February 2008 by Judge Ronald K. Payne in Buncombe County Superior Court. Heard in the Court of Appeals 23 October 2008.

*Law Offices of Glen C. Shults, by Glen C. Shults, for plaintiff-appellant.*

*McGuire, Wood & Bissette, P.A., by Rendi Mann-Stadt, for defendant-appellees.*

TYSON, Judge.

Carolyn Doloris Taylor ("plaintiff") appeals order entered, which dismissed her claim under the North Carolina Persons With Disabilities Protection Act ("NCPWDPA") against Hospice of Henderson County, Inc. d/b/a Four Seasons Hospice & Palliative Care. We reverse and remand.

## I. Background

On 12 June 2007, plaintiff filed a complaint, which named the defendants as: "Four Seasons Hospice & Palliative Care, Inc.; Jamie Burns; and Jeannette Keith, Defendants." Plaintiff's complaint asserted claims of: (1) a violation of the NCPWDPA against Four Seasons Hospice & Palliative Care, Inc.; (2) wrongful discharge in violation of public policy against Four Seasons Hospice & Palliative Care, Inc.; (3) negligent infliction of emotional distress against all defendants; and (4) gross negligence against all defendants. A summons was issued to the named defendants on 12 June 2007. Plaintiff served the complaint, but the summons was never served.

On 1 August 2007, plaintiff filed an amended complaint, which named the defendants as: "Hospice of Henderson County, Inc., d/b/a Four Seasons Hospice & Palliative Care; Joanie Burns; and Jeannette Kutt, Defendants." Plaintiff's amended complaint stated an additional claim of tortious interference with contract against all defendants. An alias and pluries summons was issued on 1 August 2007. An amended alias and pluries summons was issued on 2 August 2007. Hospice of Henderson County, Inc. d/b/a Four Seasons Hospice & Palliative Care and Joanie Burns were served on 3 August 2007. Jeannette Kutt was served on 8 August 2007.

On 10 September 2007, plaintiff "moved, pursuant to Rule 4(i) and 15(a), North Carolina Rules of Civil Procedure, for an order allowing her to file the First Amended Complaint for Damages Injunctive

**TAYLOR v. HOSPICE OF HENDERSON CTY., INC.**

[194 N.C. App. 179 (2008)]

Relief, And Jury Demand, and to amend the summons, and/or alias and pluries summons issued in this case, by changing the names of the defendants . . . ." Defendants answered plaintiff's amended complaint on 2 October 2007 and moved to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(2), (4), (5), and (6).

Plaintiff's "Motion to File a First Amended Complaint and to Amend Summonses Previously Issued and Served in this Case" and defendants' Motion to Dismiss were heard on 5 February 2008. On 8 February 2008, the trial court filed its order, which: (1) granted plaintiff's Motion to File First Amended Complaint; (2) granted, in part, plaintiff's Motion to Amend the 1 August 2007 Alias and Pluries Summonses; (3) held the amended summonses constituted the original summonses; (4) denied plaintiff's motion to amend the 12 June 2007 summonses; (5) held that the statute of limitations on plaintiff's NCPWDPA claim had expired before plaintiff commenced her action on 1 August 2007; (6) granted defendants' motion to dismiss plaintiff's NCPWDPA claim; and (7) denied defendants' motion to dismiss plaintiff's remaining claims. Plaintiff appeals.

## II.  Interlocutory Appeal

[1] As a preliminary matter, we note that this appeal is interlocutory. The trial court's order did not dispose of the entire case. *See Veazey v. Durham*, 231 N.C. 354, 361-62, 57 S.E.2d 377, 381 (1950) ("A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." (Citations omitted)). Our Supreme Court has stated:

> A party may appeal an interlocutory order under two circumstances. First, the trial court may certify [pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b)] that there is no just reason to delay the appeal after it enters a final judgment as to fewer than all of the claims or parties in an action. Second, a party may appeal an interlocutory order that affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment.

*Davis v. Davis*, 360 N.C. 518, 524-25, 631 S.E.2d 114, 119 (2006) (internal citations and quotation omitted). The record does not show the trial court entered a Rule 54(b) certification after it dismissed plaintiff's NCPWDPA claim. Appellate review is unavailable to plaintiff on that basis. *Id.*

In *Bowling v. Margaret R. Pardee Mem'l Hosp.*, this Court held:

> [The plaintiff]'s North Carolina Disabilities Act claim and his claim for wrongful discharge in violation of public policy, which remains at the trial court level, unquestionably involve the same facts and circumstances, namely, his termination by [the defendant]. If we refuse his appeal, two trials and possibly inconsistent verdicts could result. We therefore address the merits of [the plaintiff]'s arguments . . . .

179 N.C. App. 815, 818, 635 S.E.2d 624, 627 (2006), *disc. rev. denied*, 361 N.C. 425, 648 S.E.2d 206 (2007). Based on this Court's holding in *Bowling*, the trial court's order affects a substantial right: the risk that "two trials and possibly inconsistent verdicts could result." 179 N.C. App. at 818, 635 S.E.2d at 627. The trial court's order is immediately appealable. *Davis*, 360 N.C. at 525, 631 S.E.2d at 119. We review the merits of plaintiff's appeal.

### III. Issues

**[2]** Plaintiff argues the trial court erred when it: (1) found the amended 1 August 2007 summonses constituted "original summonses" and "[p]laintiff's action commenced on August 1, 2007 with the issuance of the August 1, 2007 summonses, as amended" and (2) dismissed her NCPWDPA claim based upon the expiration of the applicable statute of limitations.

### IV. Misnomer

Plaintiff argues "the amended complaint and alias [and] pluries summonses only corrected a misnomer, and they did not seek to add, or change, the parties in the case." We agree.

### A. Standard of Review

Rule 4(i) of the Rules of Civil Procedure permits trial courts to allow in their discretion the amendment of any process or proof of service thereof unless it clearly appears that material prejudice would result to substantial rights of the party against whom the process issued. [Our Supreme] Court has stated that *the discretionary powers of amendment permit the courts to allow amendment to correct a misnomer or mistake in the name of a party. If the amendment amounts to a substitution or entire change of parties, however, the amendment will not be allowed.*

*Harris v. Maready*, 311 N.C. 536, 545-46, 319 S.E.2d 912, 918 (1984) (internal citations and quotation omitted) (emphasis supplied).

### B. Analysis

In *Franklin v. Winn Dixie Raleigh, Inc.*, this Court held "[the] plaintiffs' attempt to amend the original summons was prohibited because it constituted a substitution or entire change of parties." 117 N.C. App. 28, 36, 450 S.E.2d 24, 29 (1994) (citation and quotation omitted), *aff'd per curiam*, 342 N.C. 404, 464 S.E.2d 46 (1995). This Court stated:

> The record shows . . . that "Winn-Dixie Stores, Inc." was not a corporate entity on record with the Secretary of State. It further shows that at no time pertinent to this action did Winn-Dixie Stores, Inc. ever own, lease or operate the store located at 651 Western Boulevard Extension. Moreover, while Winn-Dixie Stores, Inc. and Winn-Dixie Raleigh, Inc. are both Florida corporations authorized to do business in North Carolina, they have been and were separate and distinct corporations at the time the cause of action accrued.

> Therefore, we hold that the named defendant in the original summons and complaint, "Winn Dixie Stores, Inc.", was not a mistake or misdescription permitting the amendment of the summons. Rather, Winn Dixie Stores, Inc. was the correct name of the wrong corporate party defendant, a substantive mistake which is fatal to this action. Quite simply, [the] plaintiffs sued the wrong corporation.

*Id.* at 34-35, 450 S.E.2d at 28.

In *Kimbrell's of Sanford v. KPS, Inc.*, this Court held that "the use of the name Kendale Pawn Shop to refer to the defendant in the complaint was a mere misnomer . . . ." 113 N.C. App. 830, 833, 440 S.E.2d 329, 331 (1994) (citation omitted). This Court stated:

> The record reveals that there is no separate legal entity known as Kendale Pawn Shop; there is only KPS, Inc., which does business under the name Kendale Pawn Shop. . . . It is therefore immaterial that the judgment was entered in favor of KPS, Inc. d/b/a Kendale Pawn Shop while the initial caption of the case referred only to Kendale Pawn Shop.

*Id.*

Here, the record reveals and the North Carolina Secretary of State's records show that there is no North Carolina chartered legal entity known as "Four Seasons Hospice & Palliative Care, Inc." The

chartered entity of "Hospice of Henderson County, Inc." does business under the name "Four Seasons Hospice & Palliative Care."

Based on this Court's reasoning in *Franklin* and *Kimbrell's of Sanford*, the amendment did not "amount[] to a substitution or entire change of parties," but was a "correct[ion] [of] a misnomer or mistake in the name of a party." *Franklin*, 117 N.C. App. at 34-35, 450 S.E.2d at 28; *Kimbrell's of Sanford*, 113 N.C. App. at 833, 440 S.E.2d at 331; *Harris*, 311 N.C. at 546, 319 S.E.2d at 918. Plaintiff did not "sue[] the wrong corporation[,]" but rather used a "misnomer or mistake in the name of" the corporate entity. *Franklin*, 117 N.C. App. at 35, 450 S.E.2d at 28; *Harris*, 311 N.C. at 546, 319 S.E.2d at 918. The trial court erred when it failed to find that the amendment constituted a correction of the original 12 June 2007 summons and denied plaintiff's motion to amend the 12 June 2007 summons. *Harris*, 311 N.C. at 546, 319 S.E.2d at 918.

## V.  Statute of Limitations

Plaintiff argues the trial court erred when it found "[her] action commenced on August 1, 2007 with the issuance of the August 1, 2007 summonses, as amended . . . ." We agree.

### A.  Standard of Review

"Ordinarily, a dismissal predicated upon the statute of limitations is a mixed question of law and fact. But where the relevant facts are not in dispute, all that remains is the question of limitations which is a matter of law." *Udzinski v. Lovin*, 159 N.C. App. 272, 273, 583 S.E.2d 648, 649 (2003), *aff'd*, 358 N.C. 534, 597 S.E.2d 703 (2004) (citations omitted). We review a trial court's decision to dismiss an action based on the statute of limitations *de novo*. *Id.*

### B.  Analysis

N.C. Gen. Stat. § 168A-12 (2007) provides:

A civil action regarding employment discrimination brought [under the NCPWDPA] shall be commenced within 180 days after the date on which the aggrieved person became aware of or, with reasonable diligence, should have become aware of the alleged discriminatory practice or prohibited conduct. A civil action brought [under the NCPWDPA] regarding any other complaint of discrimination shall be commenced within two years after the date on which the aggrieved person became aware of or, with rea-

sonable diligence, should have become aware of the alleged discriminatory practice or prohibited conduct.

It is undisputed that the alleged discriminatory conduct took place on 14 December 2006 and the applicable 180-day statute of limitations expired on 12 June 2007. Having held that the N.C. Gen. Stat. § 1A-1, Rule 4(i) amendment constituted a correction of the original 12 June 2007 summons, plaintiff's action commenced on 12 June 2007. The trial court erred when it dismissed plaintiff's NCPWDPA claim and found that "[t]he statute of limitations for [p]laintiff to bring her [NCPWDPA] [c]laim . . . expired before [p]laintiff commenced her action . . . ."

## VI.  Conclusion

The trial court erred when it found that the amended 1 August 2007 summonses "constitute[d] original summonses as to Hospice of Henderson . County, Inc. d/b/a Four Seasons Hospice & Palliative Care" and denied plaintiff's motion to amend the 12 June 2007 summons. The amendment corrected a "misnomer or mistake" and did not "amount[] to a substitution or entire change of parties . . . ." *Harris*, 311 N.C. at 546, 319 S.E.2d at 918.

Plaintiff's action commenced on 12 June 2007, within the applicable 180-day statute of limitations for her NCPWDPA claim. The corporate defendant cannot claim prejudice because it was served with plaintiff's 12 June 2007 complaint prior to the 1 August 2007 amendment. The trial court's dismissal of plaintiff's NCPWDPA claim is reversed.

The trial court dismissed plaintiff's NCPWDPA claim based upon the expiration of the applicable statute of limitations after it found that the "original summons[]" was issued on 1 August 2007 and the amendment did not relate back to the 12 June 2007 summons. We express no opinion on the merits, if any, of this claim, or plaintiff's remaining claims. This case is remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and Remanded.

Judges McCULLOUGH and CALABRIA concur.